## IRESON *v.* PIERCE.

*(Circuit Court, D. Massachusetts. August 24, 1889.)*

**1. PATENTS FOR INVENTIONS—INFRINGEMENT.**

The first claim in letters patent No. 352,548, dated November 16, 1886, and granted to John and James Lee for improvement in leather belting, so that it would conform to the crowning of the pulleys on which it ran, was for a link belting provided with joints both in the direction of its length and transverse of its length. The second claim was for a link belting composed of a series of two or more narrow ribbons of linked belting, united together from side to side at even distances by flexible joints. *Held* that, as the English patent to Howe of December 3, 1884, was for a leather belt of sections, having strips composing it, secured by pins, the two sections united together by wide strips forming a hinge, the pins and washers of which could be applied to link belts as well as strips of leather, the first claim of the Lee patent was too broad, and their patent should be limited to the second claim.

**2. SAME.**

A belt made under letters patent granted to C. A. Schieren, March 1, 1887, taking the flexible joint of the Lee patent and cutting it in two parts, and arranging it so that the bend of each joint is in an opposite direction from the adjoining one, while in the Lee patent the bend of all the joints is in the same direction, is an infringement of the Lee patent.

**3. SAME.**

A belt made under the Schieren patent, whose hinges are links like those composing the rest of the belt, riveted at their opposite ends to opposite strips of the belt, but which do not connect the two pins in the opposing strips, which are in the same straight line across the belt, does not infringe the Lee patent.

**4. SAME—PUBLICATION.**

Under Rev. St. U. S. §§ 4886, 4920, 4923, the only evidence that can be used in proof of a foreign invention for any purpose is that derived from a patent or printed publication. The Howe patent was enrolled December 3, 1884. The provisional specification of the Lee English patent was dated August 30, 1884, and the enrollment of the complete specification was dated April 28, 1885. *Held* that, there being no evidence when the provisional specification of the Lee patent took effect as a printed publication, the patent did not exist as a patent for uses under the above sections until the enrollment of the complete specifications, and was antedated by the Howe patent.

In Equity.    Bill to restrain infringement of patent.
*Clarke & Raymond*, for complainant.
*J. H. Lange*, for defendant.

COLT, J.    This suit is brought for infringement of letters patent No. 352,548, dated November 16, 1886, and granted to John and James Lee, for an improvement in machine belting.    The object of the invention is the manufacture of leather link belting, which will conform to the crowning of the pulleys on which it is run.    This is done by dividing the width of the belt into two sections, and introducing flexible joints of leather or metal between the sections.    These sections are composed of links of leather, each pair of links projecting in one direction, holding between them a link projecting in the other direction, and through the holes in the links is passed a pin of metal with a head at one end, and the other end provided with a washer on which the pin is riveted. The first claim is for a link belting provided with joints both in the direction of its length and transverse of its length, and the second claim is for a link belting composed of a series of two or more comparatively narrow ribbons of linked belting, united together from side to side, at even distances apart, by flexible joints.    Belts of this class, in order to accommodate themselves to the crowning of the pulley, must have a certain degree of transverse flexibility.    There existed prior to the Lee patent link belts in several forms.    The characteristics of these belts were—*First*, that all of them were composed of strips of leather of greater or less length set side by side, so that the edges of the leather ran upon the pulley; *second*, that these strips were secured together by pins or rivets passing crosswise of the belt from side to side, the ends of the rivets being secured by washers and rivet-heads.    These belts had little or no crosswise pliability, and would not accommodate themselves to the surface of crowned pulleys. In the patent granted to C. M. Roullier in 1862, and in the English patent granted to John Tullis in 1880, are found various forms of these leather-edge belts.    In the English patent to George Howe, of December 3, 1884, there is described a leather belt made of two sections, each section having the strips composing it secured to each other by pins, and the two sections united together by wide strips which form a hinge when riveted together.    Howe, in his specification, says:

"Where this improved belt runs on the pulleys the wide strips are upon the crown or greatest diameter of a pulley, and form a hinge, whereby the two series of strips or side portions of the belt are connected together, thus allowing a certain amount of play, and preventing the bending and breaking of the pins by the covered surface of the pulley."

Howe further says in his specification:

"The pins, *c*, and washers, *d*, may be advantageously applied to other belts of somewhat similar construction,—such as link belts."

It appears, therefore, that at the time of the Lee invention leather belts composed of links riveted together were old; that belts composed of strips of leather riveted together, and made into two ribbons or sections united together by a wide strip of leather, which formed a hinge,

were old; and also that Howe states in his patent that his pins and washers may be applied to link belts as well as to his strips of leather. Such being the prior state of the art, it seems to me that the Lees are not entitled to their broad first claim of a link belting provided with joints both in the direction of its length and transverse its length, but that their patent should be limited to the second claim, or to their improved form of hinge as applied to linked belting. With this limitation, I am of opinion that the Lee patent describes a patentable improvement over anything which existed before, and that the second claim of the patent is valid.

The defendant is charged with making two forms of belt which infringe the Lee patent. The first form is made under the patent granted to C. A. Schieren, March 1, 1887. It is admitted that, if both the claims of the Lee patent are good, this belt contains the invention therein described; and, limiting the Lee patent to the second claims, I still think this belt infringes the Lee patent. Schieren merely takes the flexible joint of Lee and cuts it into two parts, and so arranges those parts that the bend of each joint is in an opposite direction from the adjoining one, while Lee bends all the joints in the same direction.

The main controversy in this case is over Schieren belt No. 2, made by the defendant, and here it seems to me there is a radical departure from the Lee structure. This form of belt has not the U-shaped hinges of Lee, and it is not connected in a straight line by means of hinges and pins across the belt as a whole. The Schieren hinges are links like those which compose the remainder of the belt, and these links are riveted at their opposite ends to opposite strips of the belt; but they do not connect the two pins in the opposing strips, which are in the same straight line across the belt. In construction and result the Schieren link is a departure from the Lee hinge, and in my opinion it does not contain the Lee invention, and therefore does not infringe the Lee patent.

It is urged in behalf of complainant that the Howe patent is not prior in date to the Lee invention, by reason of the fact that the patent must take effect as of the date of the enrollment of the complete specification, which was December 3, 1884, whereas the provisional specification of the Lee English patent bears date August 30, 1884, and that, therefore, the Lees are entitled to rely, in this case, upon the date of the provisional specification as evidence of the date of their invention. The defendant, on the other hand, contends that the earliest date upon which the complainant can rely as showing invention in the Lees is the date of the enrollment of the complete specification of the Lee English patent, namely, April 28, 1885, and that the date of the Lee provisional specification can have no bearing in this case in determining the date of the Lee invention. I do not think the Lee provisional specification can be used as a printed publication as of a date prior to the enrollment of the complete specification. No testimony has been submitted indicating when the provisional specification took date as a printed publication, and, in the absence of such testimony, the date of the provisional specification as a printed publication is unknown, and cannot be relied upon in this case *Sey-*

*mour* v. *McCormick*, 19 How. 96, 107; *Elizabeth* v. *Pavement Co.*, 97 U.
S. 126; *Coburn* v. *Schroeder*, 11 Fed. Rep. 425.    The invention which
forms the subject-matter of the Lee patent in suit is a foreign one.    This
is clear from the Lee English patent in evidence, and other proofs in
this case.    Under sections 4886, 4920, 4923, Rev. St., the only evidence
that can be used in proof of a foreign invention for any purpose is that
coming through the channel of a patent or printed publication.    It has
been repeatedly held that an English patent does not exist as a patent
for uses, under the sections of the Revised Statutes above referred to,
until the enrollment or sealing of the complete specifications, at which
time the English patent becomes open to the public.    *Smith* v. *Goodyear*,
93 U. S. 486, 498; *Bliss* v. *Merrill*, 33 Fed. Rep. 39; *Howe* v. *Morton*,
1 Fish. Pat. Cas. 586, 595; *Brooks* v. *Norcross*, 2 Fish. Pat. Cas. 661;
*Manufacturing Co.* v. *Railroad Co.*, 26 Fed. Rep. 522; *Elizabeth* v. *Pave-
ment Co.*, 97 U. S. 126, 131; *Schoerken* v. *Swift, etc., Co.*, 19 Blatchf. 209,
7 Fed. Rep. 469; *Coburn* v. *Schroeder*, 11 Fed. Rep. 425.    A decree may
be drawn for complainant in accordance with this opinion.