WELSBACH LIGHT CO. v. AMERICAN INCANDESCENT LAMP CO. et al.

(Circuit Court of Appeals, Second Circuit. December 7, 1899.)

No. 95.

1. PATENTS—ANTICIPATION—PRIOR KNOWLEDGE AND USE.

The provision of Rev. St. U. S. § 4886, which denies to an inventor the right to a patent where the thing invented was known and used by others in this country before his invention thereof is applicable to both domestic and foreign inventors, and in either case, to defeat a patent, such knowledge and use must have been before the date of the patentee's actual invention; and, as against an infringer, the patentee in a United States patent for an invention previously made by him, and patented in a foreign country, may, to avoid alleged use in this country by an infringer before the date of the foreign patent, show the date of the application for such patent, for the purpose of showing the actual date of his invention.

2. SAME—INCANDESCENT MANTLES.

The Rawson patent, No. 407,963, for an improvement in the production of incandescent mantles, is not void on the ground of prior knowledge and use in this country by Welsbach before the date of the English patent, as, if such knowledge and use existed, it was subsequent to the application for such patent, and hence to the date of the actual invention by the patentees.

Appeal from the Circuit Court of the United States for the Southern District of New York.

R. D. Kenyon and Wm. H. Kenyon, for appellants.
John R. Bennett, for appellee.

Before WALLACE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. This is an appeal from an interlocutory order of the circuit court for the Southern district of New York which granted an injunction pendente lite against the infringement of claim 1 of letters patent No. 407,963, applied for August 21, 1888, dated July 30, 1889, and issued to Frederick L. and William S. Rawson for an improvement in the production of incandescent mantles. The patent had been sustained by Judge

Townsend at final hearing in Welsbach Light Co. v. Sunlight Incandescent Gaslight Co. (C. C.) 87 Fed. 221, and from his decree no appeal was taken. Upon the subsequent application of the complainant for an injunction against the Rex Incandescent Light Company (C. C.; 94 Fed. 1006), Judge Lacombe went over the record in the Sunlight Case and the briefs of counsel therein, with the result of an absolute concurrence in Judge Townsend's conclusions. The Rawson invention was designed to give to the Welsbach mantle commercial utility and value, and was of a remarkable and meritorious character. It is described by Judge Townsend as follows:

"In 1885 Dr. Carl Auer von Welsbach discovered or invented the mantle of the incandescent light which bears his name. Prior to that date it was known that certain rare earths, when heated to incandescence, were possessed of great luminosity. Dr. Auer von Welsbach, or, as he will hereafter be called, Welsbach, was the first to discover that by immersing a textile fabric in a solution of the salts of said rare earths, and afterwards applying heat and consuming the fabric, the earthy salts would be left in a coherent condition exactly reproducing the fabric consumed, and capable of emitting the intense white Welsbach incandescent light. Great as was this scientific discovery, it was commercially valueless. The resultant product was so light and fragile that although, as stated by the inventor, 'it would remain effective as an illuminant for hundreds of hours,' it would crumble to ashes if handled, or even touched by a hard body. In their specification the patentees, after speaking of the difficulty previously found in transporting these mantles without breakage, say: 'This difficulty our invention is designed to overcome by dipping the mantles, after they have been given their proper shape, into a liquid which will thoroughly penetrate the pores of the material, and will afterwards set to such a degree of hardness as to protect the material from danger of breakage in packing or handling, and which can afterwards be removed without mechanical injury to the mantles, or without leaving any objectionable residue.'"

The main defense rests upon the alleged facts that Welsbach and Ludwig Heitinger jointly, or one of them severally, invented the Rawson improvement in Vienna in 1886, and that Welsbach introduced it into this country in 1887, and made on March 3, 1888, a joint application for letters patent for it. They did make a joint application for two inventions, one of which was Welsbach's for a reinforcement of his mantle by reimmersion in the original Welsbach solution, and the other for the Rawson invention. The patent office rejected the claims for the latter upon the Rawson English patent, published July 23, 1887, the specification of which was filed September 1, 1886. Thereupon Welsbach and Heitinger filed an abandonment of their application, and Welsbach filed a new application for the other invention, and received a patent therefor. The position of the defendant, based upon the alleged invention by Welsbach or Heitinger of the Rawson improvement in Vienna in 1886, is that Rawson, who subsequently received letters patent of the United States, cannot place the date of his foreign invention prior to the date of his English patent, viz. prior to July 23, 1887, and consequently that Welsbach or Heitinger was, or both of them were, entitled to a patent when it was rejected. The alleged fact of the invention by Welsbach or Heitinger is not supported by testimony in the record. The affidavit of A. Ernest Nienstadt proves nothing in regard to this invention. Welsbach filed on October 20, 1886, an application supplementary to an application of April

28, 1886, upon which his German patent, No. 41,945, was issued on December 17, 1887; but while, in his supplementary application, he stated an improvement of the Rawson character, he did not claim it as his own. The Welsbach Light Company, established in 1887 or 1888, knew of the great commercial importance of this invention, and of the importance of obtaining an exclusive right to use it; but, as appears by the testimony of Mr. Randal Morgan, its vice president, it learned at the time of the abandonment of the application in this country that Welsbach made no claim that he, either separately or jointly with Heitinger, invented the improvement. No subsequent application was ever made by Heitinger. What foundation, if any, he had for an assertion of original invention, does not appear in the record, which also fails to show how Welsbach's title to originality ever existed. The distinction between his inventions for the strengthening of his mantle, as shown in his French patent of 1886 (No. 172,064), his English patent of April 24, 1886 (No. 15,255), and his German patent (No. 41,945), mentioned supra, and the Rawson invention, is pointed out by Judge Lacombe in Welsbach Light Co. v. Rex Incandescent Light Co., supra. This is not the case of an interference in the patent office, or of a contest in the courts between two original inventors for priority of invention, in which it is the established rule, under section 4923, Rev. St. U. S., that an original inventor, who applies for letters patent of the United States, cannot be deprived of his right to a patent by the fact that an inventor had made in a foreign country, at a prior date, the same original invention, but which had not been described at a prior date in a patent or in a printed publication. Ireson v. Pierce (C. C.) 39 Fed. 797; Roemer v. Simon, 95 U. S. 214, 24 L. Ed. 384; Elizabeth v. Pavement Co., 97 U. S. 126, 24 L. Ed. 1000. The subject of the practice in the patent office upon two applications by two original inventors in a foreign country of the same invention is stated in Lander v. Crowell, 16 O. G. 405. Neither the practice under, nor the established construction of, section 4923, has a bearing upon this case, because Welsbach is not shown to have been in any country an inventor of the Rawson improvement; but if it was used in this country, either before or after the date of the Rawson United States patent, by a person not claiming under the Rawsons, it was used by an infringer. This question then arises: Can an infringer defeat letters patent of the United States to an original inventor in a foreign country by proof that a few days before the date of a prior foreign patent to the same inventor, but not before the date of the application for such patent, and less than two years before the date of the application for a United States patent, the invention was used in this country by a person who did not invent it?

It is contended by the defendant that, under section 4886 of the Revised Statutes, the Rawson patent was void, on the ground that the improvement was known and used in this country before the invention thereof, because the actual inventor is not permitted to show that the date of his invention was prior to the date of his foreign patent. The section is as follows:

"Any person who has invented or discovered any new and useful art, machine, manufacture or composition of matter, or any new and useful improvement thereof, not known and used by others in this country and not patented or described in any printed publication in this or any foreign country before the invention or discovery thereof, or not in public use or sale for more than two years prior to his application, unless the same is proved to have been abandoned, may, upon payment of the fees required by law, and other due proceedings had, obtain a patent therefor."

The section gives to an inventor, foreign or domestic, the right to a patent, unless certain conditions existed, neither of which in fact existed in this case. The Rawson invention had not been patented or described in any country before the patentees invented it, had not been in public use or on sale for more than two years prior to their application, had not been abandoned, and had not been known or used in this country by any one before the date of the invention. If no other disabilities prevent, an inventor may obtain a patent of the United States for an invention made and previously patented in a foreign country, unless the same has been introduced into public use in the United States for more than two years prior to the application (section 4887), which is, in substance, the qualification which exists in section 4886, as applicable to any invention; and it is not necessary that the introduction shall have been made with the consent of the inventor. Andrews v. Hovey, 123 U. S. 267, 8 Sup. Ct. 101, 31 L. Ed. 557; Id., 124 U. S. 694, 8 Sup. Ct. 676, 31 L. Ed. 557. It is, however, said that the section requires that the invention must not have been known or used in this country before the date of the invention, and that the date of the publication of the foreign Rawson patent is the date de jure. The section applies to all inventions, irrespective of the place of their origin, and the term "date of invention" is used without discrimination between classes of inventions. The theory of the defendant is that, as to the domestic inventor, knowledge in this country must precede the actual date of the invention, but that, as to a foreign inventor, knowledge in this country need only precede the date of the publication of his foreign patent. We are of opinion that the language of the section refers to the actual, and not an artificial, date, and that, where there is no contest between inventors, if knowledge in this country did not precede the actual date of the invention, unless it had been used in this country for two years before the application, the inventor was entitled to a patent. This question was before Judge Dallas in Hanifen v. Godshalk Co. (C. C.) 78 Fed. 811, and before Judge Townsend in Hanifen v. Price (C. C.) 96 Fed. 435, whose opinions are in conformity with those herein expressed. Our conclusion is that, as against an infringer, the patentee in a United States patent for an invention previously made by him and patented in a foreign country may, to avoid alleged use in this country by an infringer before the date of the foreign patent, show the date of the application for the foreign patent, for the purpose of showing the actual date of his invention in a foreign country.

Upon the facts shown in the record, it is not, in our opinion, certain that the Rawson improvement was introduced into this country before July 23, 1887. It is true that Welsbach came to New York

on April 24, 1887, for the purpose of organizing a corporation and manufacturing mantles, and opened an office at No. 10 Wall street, and paid rent for the months of June and July of that year. A sufficient number of witnesses testify that they worked in the office for a part of the month of June, and, after an intermission of three or four weeks, in Warren street in July, and used a process like the Rawson process. There are a variety of circumstances which throw doubt upon the credibility of the fact of the use of the improvement at that early period, although undoubtedly it was subsequently used. It is, however, unnecessary to recite the circumstances of this part of the case, or to make a finding thereon.

The defendants also make the point that the English Rawson patent was confined by its terms to a hot process; that a cold process was a new invention, and therefore was known in this country before Rawson made it. The conclusion that a cold process was a new invention made after the date of the English patent does not seem to us to rest upon sufficient evidence.

The effort which was made to show that William S. Rawson was the sole inventor of the invention of the Rawson patent fails to convince the mind, and was not persuasive. The order of the circuit court is affirmed, with costs.