### WELSBACH LIGHT CO. v. COSMOPOLITAN INCANDESCENT GASLIGHT CO.

(Circuit Court, N. D. Illinois, N. D. February 16, 1900.)

1. PATENTS—VALIDITY AND INFRINGEMENT—EFFECT OF OTHER DECISIONS.
   Under the rule in the Seventh circuit, decisions of the courts of other circuits on the questions of validity or infringement of a patent will not be followed, but each case must be determined on its merits, as disclosed by the record therein, giving weight to the decisions of other courts only to the extent that their reasoning may be persuasive as applied to the facts presented by such record.

2. SAME—SUITS FOR INFRINGEMENT—PRELIMINARY INJUNCTION.
   To prevent the granting of a preliminary injunction against infringement, it is not necessary that the proofs in opposition shall be convincing, but only that they shall cast a reasonable doubt on complainant's right.

3. SAME—VALIDITY—JOINT INVENTION.
   It is the well-settled rule in the United States that a patent issued to two persons as joint inventors is void, even in the hands of innocent purchasers, where it is shown that in fact one of them was the sole inventor.

4. SAME—INCANDESCENT MANTLES.
   The validity of the Rawson patent, No. 407,963, for a process for strengthening incandescent mantles for handling and transportation, held not sufficiently established to warrant the granting of a preliminary injunction against infringement.

In Equity. Suit for infringement of a patent. On motion ·for a preliminary injunction.

John R. Bennett and Goodrich, Vincent & Bradley, for complainant.

Dyrenforth & Dyrenforth, for defendant.

KOHLSAAT, ·District Judge. This is a motion for a preliminary injunction, based upon the alleged infringement by defendant of the first claim of letters patent No. 407,963, dated July 30, 1889, issued

to Frederick L. and William Stepney Rawson, and now the property, through mesne assignments, of complainant. The subject-matter of the patent is a process for strengthening, for the purpose of handling and transportation, what is commonly called the "Welsbach" incandescent mantle, and said claim 1 reads as follows:

"The herein-described improvement in strengthening incandescent mantles, consisting in coating the completed mantle with paraffine or other suitable material, substantially as set forth."

This process was patented in England by the Rawsons prior to the issuance of the patent in suit. This latter patent has been sustained on a final hearing by Judge Townsend, of the Second circuit, in the suit of Welsbach Light Co. v. Sunlight Incandescent Gas Lamp Co., 87 Fed. 221. No appeal was taken from said decision. Subsequently a motion for a preliminary injunction was granted in a suit by the same complainant against the American Incandescent Lamp Company by Judge Lacombe of the Second circuit, and his order was affirmed by the court of appeals of the Second circuit. 98 Fed. 613. The motion herein was originally argued before me on June 27, 1899, but for one cause and another the matter has not been in shape for final disposition until now. There is no material difference between the papers now before me and those before the several courts of the Second circuit, excepting that it does not appear that upon the final hearing before Judge Townsend the proofs respecting sole invention which were submitted to Judge Lacombe and the court of appeals were introduced. Complainant seeks to have this court follow the decisions of the courts of the Second circuit upon the questions of validity and infringement, in accordance with a rule of comity which is said to prevail in some circuits; but the utterances of the court of appeals of this circuit have been positive to the effect that each case in this circuit must be decided upon its merits as disclosed by the record therein, and that a ruling or opinion of any other circuit court or court of appeals upon any question involved should be given only its just and reasonable weight according to the circumstances; and it therefore follows that this court should give weight to the said decisions in the second circuit only to the extent that the reasoning therein, as applied to the facts presented by this record, may be persuasive. Upon the question of validity, defendant herein strenuously insists that in the testimony of both the Rawsons given under oath in a suit in England in July, 1897, the facts surrounding the invention of the process in question were stated, and that such facts negative the conclusion that the invention was jointly made by them. Complainant relies upon the findings of Judge Lacombe and the court of appeals of the Second circuit on the application for a preliminary injunction above mentioned, to the effect that this is a highly technical defense, which should not be favored, and that the evidence on this point fails to convince the mind, and is not persuasive. The evidence before those courts upon said motion was substantially the same as that now before me. To be sure, it is not direct evidence; neither can it be taken as the admission of privies in title, for the statements were made after the title had been conveyed by the Rawsons. Still, upon a motion of this kind, very little of the evidence offered is such

that it would be competent if offered in like form upon a final hearing. The affidavits are ex parte, and the papers are frequently quite informally offered. On applications for the issuance of a preliminary injunction it is not required that proofs offered in opposition to complainant's prima facie showing shall "convince the mind." The criterion is that they shall "cast a reasonable doubt" upon complainant's right to the remedy sought. It is said by Mr. Walker, in section 677 of his work on Patents, that:

"No remedy invoked in patent cases is so summary in operation, or so dangerous to justice, as a preliminary injunction; and the courts will not apply that remedy to cases where the complainant's prima facie evidence of right thereto is overthrown, or seriously damaged, by the evidence of defendant."

To be sure, Mr. Walker follows this statement with another to the effect that prior adjudication of the point by other courts will be followed; but, as before stated, that rule does not apply in this circuit.

Coming now to the statements of said Rawson brothers, as evidenced by a copy of their testimony in the English suit, introduced for the purposes of this motion, the gist of the testimony therein of William Stepney Rawson is that he first thought of the idea "of overcoming the difficulty about transporting mantles by dipping the mantle after ignition into a liquid which will thoroughly penetrate the interstices of the material, and will afterwards set to such a degree of hardness as to protect the material from danger of breakage in packing or handling, and which can afterwards be removed without mechanical injury to the mantles, or without leaving any objectionable residue"; that said idea first came to him one night in bed, when he was thinking of the question of transportability; that the next day he experimented with paraffine, which was the first thing that occurred to him; and that his personal experiments were limited to paraffine, although a friend working with him made other experiments. Mr. Frederick Lawrence Rawson testified that "paraffining" the mantles was first suggested to him by his brother Stepney about a month before the patent in England was applied for; that Stepney told him what he had done; that they consulted together as to the proper steps to take to continue the experiments so as to get the best results; and that, when he first went down to the works, his brother threw a mantle coated with paraffine across the room to him, a distance of about four yards, and it was not cracked. It is admitted by counsel that, notwithstanding the question of hardship to innocent third parties, and the possible lack of necessity for such a rule, yet, should a patent be issued to two alleged joint inventors, when, as a matter of fact, only one of them was the actual inventor of the patented article, this fact, if shown, would make the patent void in the hands of innocent purchasers for value. This rule is well established in this country, although the courts, on account of the hardship involved, have held the defense to be a technical one, and have required clear proof thereof. In the case at bar, admitting the force of the prima facie proof of joint invention as evidenced by the affidavit of the applicants for the patent, and also the reiteration thereof in the affidavits of both the Rawsons, made subsequent to the giving of the aforesaid testimony by them, yet none of these affidavits states

the facts surrounding the act or acts of invention, but each simply affirms the ultimate conclusion that affiants were the joint inventors, which they may have thought to be the case as a deduction from the facts. If the facts relating to the conception of the invention and the respective actions of the brothers Rawson relating to the idea of coating the mantles with paraffine and the actual accomplishment thereof, shall be established in this suit to be those stated by said Rawsons in their aforesaid testimony, such evidence would conclusively negative the idea of joint invention. The invention covered by the claim in suit is simply and solely the conception of coating the mantles in question with paraffine or a similar substance. The above testimony, if true, establishes the fact that this conception was that of William Stepney Rawson alone; and also the further fact that he put the conception into practice, and actually coated a mantle with paraffine, before his brother, Frederick, was aware of the conception.

It is true that the questions involved in the English suit in which the Rawsons gave their said testimony were different from those under consideration here; that the suit was between different parties; and that the said statements may, on a full hearing, be abandoned, or so modified or explained as to eliminate them from the case at bar. Under the English laws regulating the issuance of patents, the strictness of the rule in this country relating to joint and sole inventors, does not obtain, and it may not have been at all material in the said English suit to distinguish between them; nor is it likely that the special attention of the Rawsons was directed to that distinction, or that they were examined in relation thereto; but, taken alone, and considered as bald statements, there can be no doubt but that it would be held that the issue of the patent to them jointly would be obnoxious to the rule above stated prevailing in this country. For the purposes of this motion, therefore, those statements throw doubt upon the validity of complainant's patent, and fairly undermine that strong presumption which should possess the mind of the court in granting a preliminary injunction. This cause has been pending many months. It is at issue, and, in the usual course, can be soon prepared for a hearing on the merits. Therefore there can be little hardship in suspending judgment, which necessarily involves the merits, until a final hearing.

In view of the above conclusion, it is unnecessary to pass upon the question of anticipation by the Heloise or other processes, or upon the question of whether or not the combination of collodion and castor oil, used by the defendants, was a known equivalent of paraffine at the date of the invention. I therefore express no opinion upon these points. The motion for a preliminary injunction is denied.