## WELSBACH LIGHT CO. v. COSMOPOLITAN INCANDESCENT LIGHT CO.

(Circuit Court of Appeals, Seventh Circuit. October 2, 1900.)

### No. 671.

1. PATENTS—PRELIMINARY INJUNCTION—EFFECT OF DECISIONS IN OTHER JURISDICTIONS.

The owner of a patent is not in any case entitled to a preliminary injunction against infringement as a matter of strict right, but the application therefor is addressed to the sound discretion of the court, which cannot be constrained by any rule of comity to follow the decisions in an-

other jurisdiction against its own independent judgment. Hence it is not ground for the reversal of an order refusing such an injunction that it is contrary to the decisions of the courts of another circuit.

**2. SAME—INCANDESCENT MANTLES.**
An order affirmed which refused a preliminary injunction against infringement of claim 1 of the Rawson patent, No. 407,963, for an improvement in strengthening incandescent mantles, on the ground that the evidence tended to show that the claim covered the sole invention of one of the two patentees.

Appeal from the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

John R. Bennett, for appellant.
Douglass Dyrenforth and Charles K. Offield, for appellee.

Before WOODS and GROSSCUP, Circuit Judges, and BUNN, District Judge.

WOODS, Circuit Judge. This appeal is from an order denying an injunction pendente lite against infringement of the first claim of letters patent No. 407,963, issued on July 30, 1889, to Frederick L. Rawson and William S. Rawson, of London, England. The principal contention of the appellant, insisted upon with great elaboration and reiteration of argument, is that: "No new defenses having been interposed which had not already been considered and overruled, both by a court of co-ordinate jurisdiction and by the circuit court of appeals for the Second circuit, * * * the complainant, under the universally recognized and applied rule of comity, * * * was entitled to the injunction pendente lite prayed for." The rulings referred to were made in Welsbach Light Co. v. Sunlight Incandescent Gas Lamp Co. (C. C.) 87 Fed. 221, followed in the case against the Rex Incandescent Light Co. (C. C.) 94 Fed. 1006, and Welsbach Light Co. v. American Incandescent Lamp Co., 39 C. C. A. 185, 98 Fed. 613. It is clear that "the plaintiff overstates somewhat the claims of comity." The opinion of the court below is reported in 100 Fed. 648. It shows that the court proceeded on the theory "that, by force of the decisions of this court, each case in this circuit must be decided upon its merits as disclosed by the record therein, and that a ruling or opinion of any other circuit court or court of appeals upon any question involved should be given only its just and reasonable weight according to the circumstances." Acting upon that theory, and in the exercise of an independent judgment, the court reached and declared its conclusion that the validity of the patent, because issued to two, when in fact, as the evidence seemed to show, only one of them was the real inventor, was brought into such doubt as to forbid the granting of a preliminary injunction. The last expression of this court on the doctrine of comity had been in the case of Stover Mfg. Co. v. Mast, Foos & Co., 32 C. C. A. 231, 89 Fed. 333. The judgment in that case has since been affirmed by the supreme court (177 U. S. 485, 20 Sup. Ct. 708, Adv. S. U. S. 708, 44 L. Ed. 856), and from the opinion of that court we quote the following comprehensive and reasonable statement of the doctrine:

"Comity is not a rule of law, but one of practice, convenience, and expediency. It is something more than mere courtesy, which implies only deference to the opinion of others, since it has a substantial value in securing uniformity of decision, and discouraging repeated litigation of the same question. But its obligation is not imperative. If it were, the indiscreet action of one court might become a precedent, increasing in weight with each successive adjudication, until the whole country was tied down to an unsound principle. Comity persuades, but it does not command. It declares, not how a case shall be decided, but how it may with propriety be decided. It recognizes the fact that the primary duty of every court is to dispose of cases according to the law and the facts; in a word, to decide them right. In doing so, the judge is bound to determine them according to his own convictions. If he be clear in those convictions, he should follow them. It is only in cases where, in his own mind, there may be a doubt as to the soundness of his views, that comity comes in play, and suggests a uniformity of ruling to avoid confusion until a higher court has settled the law. It demands of no one that he shall abdicate his individual judgment, but only that deference shall be paid to the judgments of other co-ordinate tribunals."

A direct utterance could not have made it more clear that no court is to be reviewed or reversed, without an inquiry into the merits, merely because it failed or refused to follow the decision of another court to which it was not directly subordinate. Not less than of the supreme court is it the duty of this court, within the sphere of its jurisdiction, to decide questions presented according to its own judgment. The purpose of congress in creating the circuit courts of appeals and in conferring upon them the extraordinary jurisdiction given them in appeals from interlocutory orders of injunction would be to a large extent thwarted if the doctrine of comity, always factitious and sometimes pernicious, should be allowed in these courts to take the place of independent and conscientious judgment. The safeguard against the evil of divergent and discordant decisions in the different circuits is in the power given to the supreme court to require the certification of cases to that court for review; and evidently a prompt and healthy exercise of that power is more likely to follow inconsistency of decisions in the courts of appeals than a harmony of rulings brought about by considerations of deference or comity.

In determining whether, in a given case, the circuit court erred in refusing an injunction pending the litigation, it is to be remembered that such an injunction in no case is a matter of strict right. The application for it is addressed to the sound discretion of the court. It may be granted or refused, unconditionally or upon terms; and upon appeal ordinarily the question is simply whether the court acted improvidently. Only when clearly erroneous will the order be reversed. Ritter v. Ulman, 42 U. S. App. 263, 24 C. C. A. 71, 78 Fed. 222.

It is conceded that a patent issued to two, one of whom alone was the inventor, is void; and it was mainly because of testimony, given by the patentees themselves, tending to show that the first claim of the patent in suit was for the invention of one, and not of both, of the patentees, that the court refused a preliminary injunction. The substance of that testimony is well stated in the opinion below, and, notwithstanding the opinion of the judges in the Second circuit that it was not satisfactory, we are not convinced that the judge below

gave it undue weight. Its force is certainly not impaired by the affidavits produced at the hearing. The reasonable supposition would seem to be that affidavits, prepared as these were, for the purpose either of meeting or evading the force of the explicit testimony which had been given in open court and under cross-examination, would have contained a direct reference to that testimony and such explanation as could be made; but these affidavits, prepared by counsel in identical terms for both witnesses, simply say:

"My brother and myself were the true, original, and joint inventors of the invention which is set forth and claimed in the said letters patent, and that invention * * * was the result of the joint thought, efforts and labors of my brother and myself. * * * That invention was not the result of a single thought, but occupied the mind and attention of my brother and myself for a period of several months, * * * and was not the result of the sole or separate thought, work, and experiment of either my brother or myself."

In his testimony one of them had said that the first thought of overcoming the difficulty about transporting mantles by dipping the mantle into a liquid was his; that he thought of it one night in bed; that the next day he tried it with paraffine; and, to a suggestion of counsel that he and his brother were both working and thinking and conversing together about the invention, he responded, "No, I do not think that we were conversing together about the matter till I showed what I had done, and told him what I had done." And to the question whether his experiments were limited to paraffine, he answered, "My personal experiments were, but my friend, who was working with me at that time, Mr. Donkin [not his brother], made other experiments." The brother, Frederick, to the question, "Who first suggested this paraffining?" answered, "My brother Stepney was the first who told me; he spoke to me about it"; and this statement is emphasized by other parts of his testimony. When the first witness, on cross-examination, admitted that in their declaration for the patent they swore that they were joint inventors, counsel, in explanation to the court, said:

"I may tell your lordship there are a number of other things in the patent. My friend is talking about 'this invention.' Of course, technically it is one invention, but in fact there are a number of things included in it which have since been cut out by disclaimer."

A like explanation is appropriate here. The patent contains two claims. The first, which is in suit, is for a single thought,—the described improvement in strengthening incandescent mantles, consisting in coating the completed mantle with paraffine or other suitable material. That thought might well have come to one when in bed, and have been put to the practical test the next day, as testified. It is difficult to apprehend how two could have shared in the conception. The second claim, however, is distinctly different. It is for a method of forming incandescent mantles, consisting of a number of steps, the combining of which, to produce the desired result, may well have been the joint achievement of two or more minds. The order of the circuit court is affirmed.