NEW ALBANY WATERWORKS et al. v. LOUISVILLE BANKING CO.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1903.)

No. 903.

1. JURISDICTION OF FEDERAL COURTS—STOCKHOLDERS' SUITS—COLLUSION

The jurisdiction of a federal court of a suit in equity by a nonresident stockholder to enjoin an alleged breach of trust by the directors of the corporation, or other violation of corporate duty, is not affected by the fact that he is acting in concert with other stockholders, who are citizens of the same state as the corporation, or that such stockholders contribute to the expenses of the suit, where the controlling majority in the stockholders and directors is opposed to the objects of the suit; and

there is therefore no collusion, in the sense of the statute, or within the meaning of equity rule 94.

**2. CORPORATIONS—POWERS—WATER COMPANIES.**

A quasi public corporation, such as one organized to supply a municipality and its inhabitants with water, can exercise no powers or authority not expressly conferred by statute, or necessarily implied for the purpose of carrying out the powers expressly granted.

**3. SAME—POWER TO LEASE PROPERTY—INDIANA STATUTES.**

The laws of Indiana confer no power upon a water company organized to supply water to a city and its inhabitants to transfer its entire property, franchises, and privileges to another corporation by a sale, or a lease for the time it continues to exist as a corporation, and thus incapacitate itself to perform the duties for which it was created.

**4. SAME.**

The consent of a city to the transfer by a water company of its property and franchises cannot confer power on the company to make the transfer, which it does not possess under the statutes of the state.

**5. RECEIVERS—GROUNDS FOR APPOINTMENT.**

The fact that the board of directors of a corporation exceeded its powers in making a lease of all the property of the corporation does not warrant the appointment of a receiver for the corporation on the granting of a preliminary injunction restraining the carrying of the lease into effect, where no other violation of duty or mismanagement of the property is shown.

**6. APPEAL—ORDER GRANTING PRELIMINARY INJUNCTION—MATTERS REVIEWABLE.**

On appeal from an order granting a preliminary injunction, the only inquiry is whether the discretion of the trial court was improvidently exercised, and conditions which were not presented to such court, affecting the scope of the injunction, cannot be considered by the appellate court.

Appeal from the Circuit Court of the United States for the District of Indiana.

The bill is filed by Louisville Banking Company, a Kentucky corporation, as a stockholder of New Albany Waterworks, an Indiana corporation, to set aside a lease made by the last-mentioned corporation to the Indiana Water Company, also of Indiana, and for injunctional and other relief. The lessor and lessee corporations, five of the seven directors of the New Albany Waterworks (alleged to be acting in concert and collusion), and the city of New Albany, are made defendants; four of such director defendants being citizens of Illinois, and one a citizen of Indiana. This appeal is from an order, made pendente lite, granting an injunction, and appointing a receiver of the property of the New Albany Waterworks.

The undisputed allegations are substantially these: The New Albany Waterworks was incorporated in 1874 for a period of 50 years, under the General Statutes of Indiana; and in 1875 the city of New Albany conferred upon it a franchise to construct, operate, and maintain waterworks therein for the term of 40 years, under provisions specified. Waterworks were built and operated thereunder continuously up to the transfer under the lease in question, but dissatisfaction had arisen on the part of the city over failure to improve and extend the system, and in reference to the service and supply, and the city had recently refused to extend the term of the franchise for that reason. The outstanding capital stock of the company is 4,659 shares, of the par value of $232,950; and it has a bonded indebtedness of $150,000, secured by mortgage upon the property. The Indiana Water Company was organized in 1899; and on January 7, 1901, the city of New Albany adopted an ordinance authorizing this company "to construct, establish, acquire, operate and maintain water works" therein, "to continue for the period of thirty-five years." The capital stock of this corporation is $400,000, and a mortgage is executed to secure bonds for $350,000; the proceeds to be used for the purposes of the corporation. Its expenditures for mains and other work under the ordinance,

prior to acquiring the property of the New Albany Waterworks by lease, is stated in the bill "not to exceed thirty thousand dollars," while the answer states the amount to be sixty thousand dollars. Persons interested in the new company purchased a controlling interest in the shares of the old company—2,343 shares of the outstanding 4,659 shares—and made overtures for consolidation and exchange of bonds and shares in the new company for those of the old, at specified rates. This failing, the board of directors of the old company was reorganized, so that the five individual defendants became members and controlled the board. Thereupon the lease in controversy was executed, granting to the Indiana Water Company "its entire waterworks system and plant and appurtenances, and all franchises and contracts under and in pursuance of which the business of the lessor" was conducted, for an annual rental of $19,250 (of which $7,500 was to be paid by the lessee to the holders of the bonds outstanding against the lessor for the annual interest, and, in case the lessee became the owner of such bonds by payment or exchange, the amount of interest was to be retained by it out of the rent), "until the 9th day of January, 1936"—the date of the expiration of the franchise of the lessee.

The motion to enjoin proceedings under this lease and for a receiver was heard upon bill and answers and voluminous affidavits and exhibits of records in the various matters set forth.

Edwin B. Smith and S. W. Packard, for appellants.
Addison C. Harris and F. Winter, for appellee.

Before JENKINS and GROSSCUP, Circuit Judges, and SEAMAN, District Judge.

SEAMAN, District Judge (after stating the facts as above). The appellants' objection to jurisdiction of the bill is untenable. It rests upon the proposition that the answer charges, without denial, that certain of the minority stockholders of the defendant New Albany Waterworks, who are citizens of Indiana, "combined with the appellee, a citizen of Kentucky, and caused it to bring the suit" in the federal court. But in the same connection it is frankly conceded that no collusion appears, in the sense of equity rule 94; that the controlling majority in the corporation is opposed to the objects sought by the bill, and demand upon the directors for action to that end would be useless. The right of a single stockholder to sue in equity to enjoin violation of the corporate franchise—and in the federal court when he is a citizen of another state—upheld in the leading case of Dodge v. Woolsey, 18 How. 331, 15 L. Ed. 401, is now well established. 5 Rose's Notes, U. S. Reports, 587. In recognition of this doctrine, and of its abuse in practice on the part of resident corporations to institute collusive suits in the name of nonresident stockholders for the purpose of obtaining federal jurisdiction, and "to give effect to the principles applied" in Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827, to a case thus arising, rule 94 in equity was adopted. Quincy v. Steel, 120 U. S. 241, 245, 7 Sup. Ct. 520, 30 L. Ed. 624. Jurisdiction, therefore, is undeniable, of a stockholder's bona fide bill to restrain an alleged breach of trust by the directors, or other violation of corporate duty. Pollock v. Farmers' Loan & Trust Co., 157 U. S. 429, 553, 15 Sup. Ct. 673, 39 L. Ed. 759. Relief thereunder necessarily operates for the benefit of all stockholders who have like interests. With a right of action thus existing individually, however, the fact that other minority stockhold-

ers are equally interested in the result does not affect jurisdiction of the bill, nor require their presence as parties. Neither the fact of citizenship of the other stockholders, majority or minority, nor of their attitude to the controversy, by contribution or otherwise, is material to relief under the bill, if the management of the corporation is adverse to the objects of the bill, and is not in collusion with the complainant in any sense. The case of Cashman v. Amador & Sacramento Canal Co., 118 U. S. 58, 6 Sup. Ct. 926, 30 L. Ed. 72, cited in support of this objection, is plainly distinguishable. As there held, the "dispute or controversy" was "really and substantially" one between a county and citizens of the same state; and "the suit was originally brought by the county of Sacramento for its own benefit," and was carried on at its sole charge, while "the name of Cashman was used with his consent," as that of a mere nonresident landowner, "because the county could not sue in its own name" in the federal court. It was the suit of the county with a party plaintiff "collusively made," and "for the purpose of creating a case cognizable" by that court, and thus within the act of March 3, 1875, 18 Stat. 470, c. 137 [U. S. Comp. St. 1901, p. 511, § 5]. The utmost that may be inferred from the allegations in the present case of combination with the Indiana stockholders is that they induced the complainant to file the bill, and are contributors to the expense. Conceding this, the suit is not collusive, in the sense of either statute or rule, and is within the jurisdiction of the trial court.

Upon the merits, the main question, if not the only one involved, is whether the lease in controversy is ultra vires. Both parties to the lease are corporations organized to supply the city of New Albany with water, under the General Statutes of Indiana, which provide for incorporating manufacturing and mining companies, including companies "to supply any city or village with water." Burns' Rev. St. Ind. 1901, c. 38. When the lease was executed, the New Albany Waterworks, lessor, owned and operated, under an ordinance of the city of New Albany, the only system of waterworks which was then completed for such supply; and the Indiana Water Company, lessee, recently incorporated, and authorized by ordinance of the city to "construct or establish, acquire and maintain waterworks" therein, had entered upon the construction of a rival system. The term of the lease covered the unexpired term of the lessor's corporate franchise (and extended several years beyond), and the grant was specified as the "entire waterworks system and plant and appurtenances and all franchises and contracts under and in pursuance of which the business of the lessor" was conducted. In other words, the conveyance, if valid, deprives the lessor company of all its property and means, acquired for the purposes for which it was incorporated, and essential to the fulfillment of those purposes; transferring the entire use, and delegating performance of the duties to the lessee company. While the charter rights were retained, they were useless for the purposes of the grant when the plant and privileges were gone. If the transaction thus stated is beyond the scope of its corporate powers, the injunction was rightly granted, irrespective of the contentions

on one side and the other of benefit or injury to the minority stock-holders, or of the duty which the directors owed to them.

The corporation was organized under the General Statutes of the state for a public purpose—to supply water to a municipality and its inhabitants—and was thus a quasi public corporation; uniformly so recognized by the authorities. So created, the corporation can exercise no power or authority which is not expressly conferred by the statute, or necessarily implied for the purpose of carrying out the powers expressly granted. This general doctrine is indisputable, and the following citations are sufficient for its application to the case at bar: Thomas v. Railroad Company, 101 U. S. 71, 82, 25 L. Ed. 950; Branch v. Jesup, 106 U. S. 468, 478, 1 Sup. Ct. 495, 27 L. Ed. 279; Pennsylvania R. Co. v. St. Louis, Alton & Terre Haute R. Co., 118 U. S. 290, 309, 6 Sup. Ct. 1094, 30 L. Ed. 83; Central Transportation Co. v. Pullman's Palace Car Co., 139 U. S. 24, 48, 11 Sup. Ct. 478, 35 L. Ed. 55; East St. Louis Connecting Ry. Co. v. Jarvis, 34 C. C. A. 639, 92 Fed. 735, 744; Eel River R. Co. v. State ex rel., etc., 155 Ind. 433, 457, 57 N. E. 388, and cases cited. Without legislative assent, therefore, the corporation cannot transfer to another, "while it continues to exist as a corporation," its entire property and privileges, by sale or lease, and thus "abnegate the performance of the duties to the public, imposed upon it by its charter as the consideration for the grant of its franchise"; and no assent can be presumed "unless unequivocally expressed or necessarily to be implied in the terms of the grant:" Central Transportation Co. v. Pullman's Palace Car Co., supra. Express authority for this lease is not contained in the statute, nor is its existence claimed, and we are of opinion that no implied authority arises out of either of the provisions called to our attention on that behalf. Counsel for the appellants contends that such power is implied in the general provisions conferring authority (1) "to take, hold and convey so much real estate as may be necessary to carry on their business"; and (2) to borrow money for corporate purposes, and mortgage its property and franchises as security. But these usual charter provisions are plainly inapplicable, and so expressly held in the several cases above cited. The only other statutory authority which is invoked in support of the lease is a general act of March 11, 1895 (2 Burns' Rev. St. Ind. 1901, § 3424; Thornton's Rev. St. 1897, § 3491). The contention is that this "is an express provision" authorizing such corporations "to consolidate, if they wish to," and that power to lease for that object is granted by implication; citing Branch v. Jesup, 106 U. S. 468, 478, 1 Sup. Ct. 495, 27 L. Ed. 279. This proposition, however, is fatally defective in its premises, as the statute referred to neither grants nor implies general authority for the consolidation of corporations. It provides alone for the payment of fees by corporations organized under the laws of the state, including those formed by consolidation, and, to that end, requires that duplicates of the articles of incorporation or of consolidation be filed with the Secretary of State. In reference to consolidated corporations, it merely recognizes that consolidations are authorized in specific instances—for example, in certain railroad consolidations in Indiana—and that

such "consolidation is but a new corporation formed out of two or more existing corporations." Chicago & Eastern Ill. R. Co. v. State, 153 Ind. 134, 51 N. E. 924, 926. In the case cited, and in a prior case, under the earlier statute (State v. Same Company, 145 Ind. 229, 43 N. E. 226), the act is thus construed, and no other view is tenable. So another Indiana statute, providing for the collection of revenue from the lessee of a leased railroad, was construed in Pennsylvania R. Co. v. St. Louis, Alton & Terre Haute R. Co., 118 U. S. 311, 6 Sup. Ct. 1094, 30 L. Ed. 83, neither to imply that the lease in question was "authorized by law," nor to "give sanction to or create such law."

The final contention in aid of the lease rests on the alleged assent thereto on the part of the city of New Albany, through the terms of its ordinance granting to the lessee company the right "to construct, establish, acquire, operate and maintain waterworks," and providing for the location of hydrants "at or within fifty feet of those points where fire hydrants are now situated." Assuming, however, that the arrangement thus appears to be approved by the municipality, such fact does not touch the issue, which is one of inherent power, and not of expediency. The corporation is created by the state, and not by the municipality. While the latter may grant privileges to the corporation which are within their respective powers derived from the state, it can confer no authority upon the corporation to transcend those powers. The ordinance, therefore, is without force as authority for the lease; and other questions affecting its applicability in any view to the lessor company do not require consideration.

Finding no support for the lease, we are of opinion that the order appealed from, in so far as it grants an injunction pendente lite, was not erroneous.

On the remaining question of the appointment of a receiver, we are not satisfied that such intervention is necessary. Under the present board of directors, up to the making of the lease, the business methods of the corporation were reformed, and the affairs were managed in the interest of all concerned. With the lease set aside, and proceedings thereunder enjoined, it cannot be presumed that they will mismanage or act otherwise than in conformity with the order. No violation of duty appears, except in the attempt to consolidate the corporations through the lease, and the sole fact of the unauthorized action of the directors in that instance is not deemed sufficient cause to take the property out of their management, which is otherwise unobjectionable.

The order is affirmed as to the injunction, and reversed as to the appointment of receiver, without costs.

### On Petition for Rehearing.

(April 14, 1903.)

The appellants urge a rehearing upon two propositions: (1) That the opinion affirming the injunctional order does not recognize the doctrine upheld by the Supreme Court of Indiana of the implied powers of municipalities to adopt appropriate means for furnishing

a supply of water; and (2) that the injunction "is too broad, and ought to be modified by this court." In reference to the first proposition, it is sufficient to remark that it was fully presented in the appellants' reply brief, and the argument and authorities cited thereupon were considered, and were deemed inapplicable, for reasons stated in the opinion. The second proposition raises no reviewable question which was not considered by us. The only inquiry on review was whether the discretion of the trial court was improvidently exercised in granting the injunction (Welsbach Light Company v. Cosmopolitan Incandescent Light Company, 43 C. C. A. 418, 104 Fed. 83, 85; F. C. Austin Manufacturing Company v. The American Wellworks [C. C. A.] 121 Fed. 76), and the solution rests alone upon the case there made. Conditions which were not presented to the trial court cannot be considered on appeal, and this view necessarily excludes those arising out of the supersedeas order pending appeal. Their consideration is for the trial court, upon proper application, and the injunctional order is there subject to such modification or other relief, not inconsistent with the opinion herein, as changed conditions or new facts may justify.

The petition for a rehearing is denied.