### DIAMOND MATCH CO. v. UNION MATCH CO.

(Circuit Court, D. Minnesota, Fifth Division.   April 23, 1904.)

1. PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

   A court is not required to grant a preliminary injunction against the infringement of a patent because its validity has been sustained by a decision in another circuit, but is at liberty to exercise its independent judgment on the proofs, and will the more readily do so where it appears that before the hearing in the prior suit the defendant therein had ceased to have any interest in defending it.

2. SAME—SUFFICIENCY OF PROOFS.

   Where the complainant's right, on the proofs, is doubtful, and there is a substantial controversy between the parties as to the validity of a patent, which cannot well be determined without a full hearing, the court will not grant a preliminary injunction which would work great financial injury to a defendant able to respond in damages if infringement should be found on the final hearing.

3. SAME—MACHINE FOR MAKING MATCHES.

   A preliminary injunction against infringement of the Beecher patent, No. 389,435, for a machine for making matches, denied on the proofs.

In Equity.   Suit for infringement of letters patent No. 389,435, for a machine for making matches, granted to E. B. Beecher September 11, 1888.   On motion for preliminary injunction.

Paul Bakewell, John R. Nolan, and C. D. O'Brien, for complainant.
J. L. Washburn, C. T. Benedict, and H. H. Bliss, for defendant.

MORRIS, District Judge.   But for the decision and decree of the Circuit Court of the United States for the District of New Jersey in the case of Diamond Match Company v. Ruby Match Company et al., 127 Fed. 341, certified copies of which decision and decree have been filed herein, it is probable, I think, that this application for a preliminary injunction would not have been made; but, if made, there is no question in my mind but that it should have been denied.   Counsel for complainant contend—and that was their principal contention on the hearing—that, under the proofs filed herein, said decree ought to be conclusive upon this court as to the validity of the claims there adjudicated, if it is in doubt on that question, and that then the only question left to be considered is that of infringement.

That was a suit based on letters patent issued to E. B. Beecher, September 11, 1888, against defendants therein, who were manufacturing under patents to Alexander Kelly—one of July 5, 1898, and the other of July 3, 1900—and in it claims 4, 15, and 17 of the Beecher patent were considered and adjudicated.   Claims 4 and 15 were held to be valid, and defendants therein were found to be infringing those claims.   Claim 15 is not involved in this suit, and that decision can only be invoked here as to claim 4.   It appears from the proofs herein that, before that case was argued and submitted to the court, the charter of the defendant, Ruby Match Company, had, according to the laws of Delaware, been repealed by proclamation of the Governor, and that it had, long prior to the repeal of its charter, gone out

¶ 1. See Patents, vol. 38, Cent. Dig. § 484.

of the business of manufacturing matches, so that at the time of the argument and submission of the case, and at the time of its decision, neither said defendant nor its officers had any interest in the result of the suit, except as to costs, and as to an accounting of damages and profits by reason of past infringement by defendants prior to the date of the decree, which accounting, as the decree shows, was waived by complainant. It also appears that at the time of the argument and submission of the case, and for a long time prior thereto, the counsel for defendants had received little, if any, assistance, and no compensation from the defendants therein, and that he was greatly hampered in his defense. And it further appears that the defense, as it concerned claim 4 of the Beecher patent, was principally made upon the issue of noninfringement, and upon the proper manner of construing and interpreting said claim, and that the question of its validity was not strenuously pressed by counsel for defendants therein; he being sure that the validity of that claim might be admitted, and yet the court would be obliged to find that there was no infringement of it by the machine there in suit. Whether these facts were known to counsel at the time or not, the fact that they existed would cause me to hesitate long in this case, where the validity of that claim is vigorously denied and contested, to issue a preliminary injunction based upon that decision.

Aside from that, however, after a careful consideration of the opinion in that case, in the light of the proofs here, and the very able and exhaustive arguments of counsel, extending over a period of nearly six days, I find myself unable to concur in the reasoning therein in so far as it relates to claim 4 of the Beecher patent. It is not necessary or proper that I should here and now determine the question of the validity of that claim, and I do not wish to be understood as doing so. I only wish to say that I do not concur in the reasoning of the learned judge in that case thereon. Indeed, if I should follow his reasoning, in so far as it relates to that claim, to what I consider its logical conclusion, I should be led to the opinion that both Beecher and Kelly had been anticipated in the prior art. This being the case, I feel obliged to dispose of this application upon the proofs here as though that decision had not been rendered. Welsbach Light Co. v. Cosmopolitan Incandescent Light Company, 104 Fed. 83, 43 C. C. A. 418; Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 20 Sup. Ct. 708, 44 L. Ed. 856.

Thus considering it, the language of the court in the case of Standard Elevator Company v. Crane Elevator Company, 56 Fed. 718, 6 C. C. A. 100, at pages 719, 720, 56 Fed., and page 101, 6 C. C. A., expresses exactly my position:

"The object of the provisional remedy is preventive, largely, and it will not be granted if it is more likely to produce than to prevent irreparable mischief. If the controversy between the parties be substantial, and not, as to the alleged infringer, colorable, merely, courts of equity are not disposed to adjudicate upon the rights of the parties otherwise than according to the approved usages of chancery, when the defendant's rights might, by the issuance of a writ of injunction, be put in great jeopardy, and the complainant can be compensated in damages. Without passing any opinion upon the complainant's right or the defendant's infringement, it suffices to say that, upon the proofs in the

record, we cannot declare that the right or the infringement is so clear from doubt as to warrant the issuance of a preliminary injunction. The evidence as to the construction of claims and infringement, upon which the court below was called to pass, was largely and necessarily ex parte. There was no opportunity of probing the witnesses. Scientific expert evidence is not wholly reliable when not subjected to the searchlight of intelligent cross-examination. It would, we think, be most unsafe to determine this controversy without full and orderly proof. It would be most unwise to imperil, and presumably wholly ruin, the large capital and interests involved in the business of the appellants, by arresting the enterprise in advance of a final decree, when the damages which the appellee may sustain can be compensated in money. The financial ability of the appellants to so respond has not, in our judgment, been successfully attacked."

I have therefore been obliged to deny the motion for a preliminary injunction.