SOUTHERN PAC. CO. et al. v. EARL.

(Circuit Court of Appeals, Ninth Circuit. October 18, 1897.)

No. 325.

1. APPEAL FROM ORDER GRANTING PRELIMINARY INJUNCTION—REVIEW.

The granting of an injunction pendente lite being a matter in the discretion of the trial court, the only question which the appellate court determines on an appeal therefrom is whether there was an abuse of such discretion; and, if there was before the circuit court evidence having a reasonable tendency to make out a prima facie case for plaintiff, the order will generally be affirmed, though there may be a material conflict in the evidence.

2. PRELIMINARY INJUNCTION—PRIOR ADJUDICATION.

When a prior judgment is offered as the basis for the issuance of a preliminary injunction, it is necessary that the record shall show that the precise points involved were determined in that case.

3. SAME—PRIOR ADJUDICATION IN ACTION AT LAW.

When a prior adjudication in an action at law is offered as the basis for a preliminary injunction, and the instructions given to the jury, as exhibited in the judgment roll, show that, if the jury obeyed them, their verdict must necessarily have been based upon a finding that certain claims were valid and infringed, it will be presumed that their findings were to that effect, since it is a presumption of law that the jury have obeyed the instructions of the court.

4. CIRCUIT COURTS—JURISDICTION IN PATENT CASES.

The provision of the judiciary act of 1888 (25 Stat. 434) that no civil suit shall be brought in any circuit court against any person by original process in any other district than that whereof he is an inhabitant, does

not apply to patent infringement suits. In re Hohorst, 14 Sup. Ct. 221, 150 U. S. 659, and In re Keasbey & Mattison Co., 16 Sup. Ct. 273, 160 U. S. 231, followed.

Appeal from the Circuit Court of the United States for the Northern District of California.

Wheaton, Kalloch & Kierce, E. S. Pillsbury, and Lewis L. Coburn, for appellants.

John H. Miller, John L. Boone, and Guy C. Earl, for appellee.

Before GILBERT, Circuit Judge, and HAWLEY and DE HAVEN, District Judges.

DE HAVEN, District Judge. Appeal from an order granting a preliminary injunction. The suit was brought by Edwin T. Earl against the defendants for the purpose of restraining the infringement of reissued letters patent No. 11,324, granted to him April 18, 1893, for an invention entitled, "Ventilator and Combined Ventilator and Refrigerator Car." The bill of complaint is verified, and alleges, among other things, a prior judgment of the circuit court for the Northern district of California, in which the appellee herein was plaintiff, and Robert Graham, one of the appellants, was defendant, and that by such judgment it was determined that plaintiff's reissued letters patent were valid, and that the defendant, Robert Graham, had infringed upon the same, and that, notwithstanding such judgment, the defendants in this action continued to use the same identical ventilating device which was thereby adjudged to be an infringement upon plaintiff's said letters patent. On the filing of this bill the circuit court made an order requiring the defendants to show cause why a preliminary injunction should not be granted. The defendants filed no answer to the bill, and the motion for the preliminary injunction was heard upon the bill of complaint, the judgment roll in the action at law referred to in the complaint, and an affidavit of the plaintiff, Edwin T. Earl, and a large number of opposing affidavits and exhibits of prior patents submitted on behalf of the defendants, whereby they sought to show the invalidity of the plaintiff's patent, and also that there had been no infringement thereof by the defendants.

1. The principles which govern courts in granting preliminary injunctions in this class of actions are the same upon which courts of equity constantly act in granting such injunctions in other cases of equitable cognizance. The order for such an injunction does not finally determine the rights of the parties to the action, and its only purpose and effect are to preserve the existing state of things until the case has been fully heard by the court, and the entry of a final decree therein. And it is equally well settled that the granting of a provisional injunction rests in the sound discretion of the trial court, and that it is not necessary that the court should, before granting it, be satisfied from the evidence before it that the plaintiff will certainly prevail upon the final hearing of the cause. On the contrary, to adopt the language of the court in Georgia v. Brailsford, 2 Dall. 402, "a probable right, and a probable danger that

such right would be defeated without the special interposition of the court," is all that need be shown as the basis for such an order. See, also, Blount v. Société, etc., 3 C. C. A. 455, 53 Fed. 98, and cases therein cited.

Inasmuch as the granting of an injunction pendente lite is committed to the discretion of the trial court, it necessarily follows—and so the authorities uniformly hold—that upon an appeal from such an order the only question which the appellate court is called upon to determine is whether the court, in making such an order, abused its discretion. If there was before the court evidence having a reasonable tendency to make out a prima facie case for the plaintiff, the order granting the injunction will generally be affirmed, notwithstanding there may have been a material conflict in the evidence submitted to the court at the time of making its order; or, stating the same rule in different words, the decision of the judge who made the order will not be reversed unless it appears, after a consideration of all the evidence upon which his action was based, that his legal discretion to grant or withhold the order was improvidently exercised. Duplex Printing-Press Co. v. Campbell Printing-Press & Manuf'g Co., 16 C. C. A. 220, 69 Fed. 253; Bissell Carpet-Sweeper Co. v. Goshen Sweeper Co., 19 C. C. A. 25, 72 Fed. 550. We proceed, then, to consider whether the circuit court exceeded its legal discretion in making the order appealed from. The particular facts necessary to be shown in order to justify the issuance of an injunction pendente lite in this character of cases are stated with great clearness and accuracy in the case of Blount v. Société, etc., 3 C. C. A. 455, 53 Fed. 98, above cited. In that case, which was, like this, an appeal from an order granting a provisional injunction in an action brought to restrain the alleged infringement upon letters patent, it was said:

"The prerequisites to the allowance and issuance of such an injunction are that the party applying for the same must generally present a clear title, or one free from reasonable doubt, and set forth acts done or threatened by the defendant which will seriously or irreparably injure his rights under such title, unless restrained. * * * In such suits the plaintiff's application for a provisional or pendente lite injunction should present a title to the patent sued on, the probable validity of such patent, and infringement thereof by the defendant."

That the appellee has a clear title to the patent referred to in the bill of complaint is not denied, and we think the other facts were sufficiently shown by his affidavit and the judgment roll in the action of Earl against Graham, and which judgment is pleaded in the bill. That was an action at law tried in the same court, and in which the present plaintiff was the plaintiff and one of these defendants was defendant, and involved, not only the validity of plaintiff's patent, but also the question whether the ventilating device now used by the defendants is an infringement upon such patent. The rule in relation to the effect of a prior adjudication of patent rights in a suit between different parties was thus stated by Hawley, District Judge, in Norton v. Can Co., 57 Fed. 929:

"I understand the rule to be well settled that where the validity of a patent has been sustained, as in this case, by prior adjudication in the same circuit, the only question open before the court on motion for a preliminary injunction

in a subsequent suit against other parties is the question of infringement, and that the consideration of all other questions should be postponed until all of the testimony is taken in the case, and the case is presented upon final hearing. There is, perhaps, an exception to this rule, that in cases where new evidence is presented, that is itself of such a conclusive character that, if it had been presented in the former case, it would probably have led to a different conclusion. The burden, however, of showing this, is upon the respondent."

It is claimed, however, by the appellants, that no such effect can be given the judgment in the action of Earl against Graham, and that the circuit court erred in giving it such effect, and in regarding it as sufficient basis for the order appealed from. There are seven claims in the appellee's patent, and the injunction in this case restrains the appellants from infringing upon claims 3 and 4 of such patent; and it is argued by the appellants that, as the verdict of the jury was general in the action of Earl against Graham, it cannot be determined from the judgment in that case that the jury found either that appellee's patent was valid as to such claims, or that the ventilating device used by appellants was any infringement upon said claims 3 and 4; and in support of this position Russell v. Place, 94 U. S. 606, is cited. In that case it was held that a judgment establishing the validity of a patent containing two claims, but not disclosing whether the judgment was based upon one or both of such claims, would not, in the absence of extrinsic evidence indicating the precise ground of the judgment, constitute an estoppel in a subsequent action between the same parties, in which the validity of the same patent was involved. The court, in passing upon the question there presented, said:

"It is undoubtedly settled law that a judgment of a court of competent jurisdiction upon a question directly involved in one suit is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear, either upon the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record,—as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered, —the whole subject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined. To apply the judgment, and give effect to the adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible."

In the case from which the foregoing quotation is made the question related to the certainty required in the record, in order for a judgment to be given the effect of an estoppel; but in our opinion it is necessary that the same certainty should be made to appear in relation to the issues actually adjudicated, when a prior judgment is offered as the basis for the issuance of a preliminary injunction, in cases of this character. Coburn v. Clark, 15 Fed. 807; Sewing-Machine Co. v. Williams, 2 Fish. Pat. Cas. 137, Fed. Cas. No. 5,847. But we think there was sufficient in the judgment roll in the action of Earl against Graham, when considered in connection with the affidavits used upon the hearing, to warrant the court in assuming that the verdict and judgment in that case were based upon the validity of the appel-

lee's patent as to its·claims 3 and 4, and that the same ventilating device·now used by the appellants was an infringement of those claims. The instructions given to the jury constitute a part of the judgment roll in the action of Earl against Graham, and, assuming that the jurors·were governed by such instructions, their verdict must necessarily have been based upon a finding that claims 3 and 4 of appellee's patent were valid, and that the Kerby device used by the appellants was an infringement upon such claims. That the jury obeyed the instructions of the court is a presumption of law. State v. Watkins, 9 Conn. 54. And the court in this case properly acted upon such presumption. Our conclusion upon this point is that the record before us does not show that the circuit court improperly exercised its discretion in making the order appealed from.

2. The circuit court, by the service of its process upon the appellant Graham, within the limits of its district, obtained jurisdiction over his person, irrespective of the question whether he was an inhabitant of such district or not. The act of August 13, 1888 (25 Stat. 434), and which provides, "But no person shall be arrested in one district for trial in any civil action before a circuit or district court; and no civil suit be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant,"—does not apply to suits for the infringement of patents, or other actions of which the circuit court has exclusive jurisdiction. In re Hohorst, 150 U. S. 659, 14 Sup. Ct. 221; In re Keasbey & Mattison Co., 160 U. S. 231, 16 Sup. Ct. 273.

The opinion this day filed in Graham v. Earl, 82 Fed. 737, renders unnecessary the. discussion of other points urged by the appellants. Order affirmed.