OVERWEIGHT COUNTERBALANCE ELEVATOR CO. v. CAHILL & HALL ELEVATOR CO. et al.

(Circuit Court, N. D. California. April 4, 1898.)

No. 12,521.

PATENTS—PRELIMINARY INJUNCTION.
　　Where complainant was not manufacturing the patented machine, but had established a regular license fee, and defendants were solvent, and able to respond in damages to the amount of such fee for each machine made by them, *held*, that a preliminary injunction would be denied.

This was a suit in equity by the Overweight Counterbalance Elevator Company against the Cahill & Hall Elevator Company and others for alleged infringement of a patent for an improvement in elevators. The cause was heard on a motion for a preliminary injunction.

S. C. Denson and W. H. H. Hart, for complainant.
John H. Miller, for defendants.

DE HAVEN, District Judge.   The complainant seeks by the bill filed in this case to obtain a decree enjoining the defendants from making, using, or vending elevators embodying the invention described in letters patent for an improvement in elevators granted to Philip Hinkle on May 16, 1882, and numbered 257,943.   The question now before the court arises on the application of the complainant for an injunction pendente lite.   The complainant is not engaged in manufacturing elevators, and it further appears that, prior to the commencement of this action, by resolution of its board of directors it established a royalty or license fee of $250 for each elevator in which is used the invention covered by the patent in suit.   Upon these facts it is clear that damages in an amount equal to the license fee thus established, multiplied by the number of infringing elevators which the defendant corporation may manufacture during the pendency of this action if not restrained, would fully compensate the complainant for any injury which it would suffer by reason of the threatened action of said defendant.   It also appears that the defendant corporation is solvent, and able to satisfy any judgment for damages which may be awarded in favor of the complainant, if it shall finally succeed in this action.   When it appears that damages will adequately compensate a complainant, and that the defendant is solvent and able to respond in damages, a motion for a preliminary injunction will be denied.   Pullman v. Railroad Co., 5 Fed. 72; New York Grape-Sugar Co. v. American Grape-Sugar Co., 10 Fed. 837; Kane v. Candy Co., 44 Fed. 287.   It is always a material circumstance, in passing upon an application like this, that the defendant is responsible for any damages which may be decreed against him upon the final hearing.   Morris v. Manufacturing Co., 3 Fish. Pat. Cas. 67, Fed. Cas. No. 9,833.   The foregoing cases are sound in principle. The office of a preliminary injunction is to preserve the rights of a complainant during the pendency of the litigation, and unless it appears that the alleged wrong threatened by the defendant might work an injury to the complainant, which in the view of a court of equity would be irreparable, such an injunction will not be granted.   "The damage threatened to be done, and which it is legitimate to prevent, during the pendency of the suit, must be, in an equitable point of view, of an irreparable character.   Such is the clear language and mandate of the cases, from the earliest to the latest."   Citizens' Coach Co. v. Camden Horse R. Co., 29 N. J. Eq. 303.   To justify the issuance of an injunction pendente lite, the complainant must show a probable right, and also "a probable danger that the right would be defeated without this special interposition of the court."   Georgia v. Brailsford, 2 Dall. 402; Railroad Co. v. Earl, 27 C. C. A. 185, 82 Fed. 690.   Inasmuch as damages will compensate the complainant, and the defendant corporation is able to respond in damages, it is clear that the complainant is in no danger of being defeated in its rights, and thereby suffering irreparable injury, if the present application should be denied.   I have not overlooked the fact that the solvency of the defendant corporation is attacked in one of the affidavits filed in behalf of complainant, but in my judgment the opposing affidavits of the president and secretary of that corporation are entitled to greater

weight in considering the question of its financial ability. The views here expressed render it unnecessary to consider at this time the other questions presented by the affidavits, and discussed by counsel. The application for a preliminary injunction will be denied upon the ground that complainant has not shown that it will sustain irreparable injury unless such injunction be granted.