RAHLEY v. COLUMBIA PHONOGRAPH CO.

(Circuit Court of Appeals, Fourth Circuit. May 5, 1903.)

No. 457.

1. PRELIMINARY INJUNCTION—REVIEW ON APPEAL.
    Evidence considered, and *held* to make a sufficient prima facie showing to sustain an interlocutory order granting a preliminary injunction, under the rule that such an order will not be reversed unless it appears that the discretion of the court was improvidently exercised.

Appeal from the Circuit Court of the United States for the District of Maryland.

Howard W. Hayes (Hardcastle & Wynn, on the brief), for appellant.

Philip Mauro, for appellee.

Before GOFF and SIMONTON, Circuit Judges, and McDOWELL, District Judge.

SIMONTON, Circuit Judge. This is an appeal from the Circuit Court of the United States for the District of Maryland. The Columbia Phonograph Company, a corporation of the state of West Virginia, filed its bill in the said Circuit Court against the National Phonograph Company, a corporation of the state of New Jersey, and William J. Rahley, a citizen and resident of the state of Maryland. Although the litigation inaugurated by the bill is the right to sell patented articles in the state of Maryland, it does not involve infringement of letters patent. It is admitted that the patented articles, whose sale the bill seeks to enjoin, are lawfully manufactured in New Jersey by the licensee of the owners of the patent. The purpose of the suit is to prevent the violation of a contract alleged to be binding on the manufacturer of a patented article, of which contract it is charged the defendant Rahley has knowledge. Under this contract the complainant claims that it has the exclusive right to use, and to let to others to use and to sell and deal in, within the states of Maryland and Delaware and the District of Columbia, all phonograph and phonographic supplies during the life of the patent. These patents were heretofore granted to Edison for his talking-machine invention. The jurisdiction of the court therefore rests altogether on the diverse citizenship of the parties. Excelsior Wooden Pipe Co. v. Pacific Bridge Company, 185 U. S. 282, 22 Sup. Ct. 681, 46 L. Ed. 910.

The Edison patents under which the articles concerned in this case were made had become the property of the Edison Phonograph Company. In 1888 the entire capital stock, except 150 shares of the Edison Phonograph Company reserved by Mr. Edison himself, was sold to Jessie L. Lippincott. Thereupon Lippincott organized the North American Phonograph Company, and conveyed to it all that he purchased from the Edison Phonograph Company. This new company exercised ownership over these patents, and promoted the organization of many local companies in several of the states. Among these is the Columbia Phonograph Company, the complain-

ant; and the claim of the complainant heretofore set forth is based on the contract made with this company, bearing date 15th January, 1889. The North American Phonograph Company became insolvent in 1894, and went into the hands of a receiver. Thomas A. Edison, the inventor of these talking machines, was the president of, and large stockholder in, the North American Phonograph Company. He became possessed of a large part of the assets of that company at the sale by the receiver. Then he formed the National Phonograph Company. This National Phonograph Company thereupon was appointed, and authorized to exploit the sale of the invention under the Edison patents. Certain of these patented articles came into the possession of the defendant Rahley either as agent for, or by purchase from, the National Phonograph Company at its home in New Jersey. Rahley has sold and is offering for sale, in the exclusive territory claimed by the complainant, certain of these patented articles so gotten from the National Phonograph Company. The complainant contends that the National Phonograph Company is the successor of and is bound by the contract made between the complainant and the North American Phonograph Company. This contract gives the complainant exclusive right to use, and to let to others to use and to sell and deal in, these patent articles within the states of Maryland and Delaware and the District of Columbia. That although Rahley obtained in New Jersey from the National Phonograph Company the articles he is selling, he does this in violation of complainant's rights under the contract, of which he had full knowledge, and by which he is bound. The papers in the record show that the Edison Phonograph Company conveyed to the North American Company the right and license to use, and sell for use, the articles manufactured under the Edison patents. Now, this was within the knowledge of Mr. Edison. That this North American Phonograph Company in 1889 granted to the Columbia Phonograph Company, the complainant, the exclusive right which it claims within the states of Maryland and Delaware and within the District of Columbia. That after the failure of the North American Phonograph Company, and its possession by a receiver, these rights of the insolvent company became the property of Mr. Edison. That Mr. Edison organized the National Phonograph Company, and this last-named company was authorized to exploit and sell the inventions under the Edison patents. This, however, would seem necessarily to be subject to the right previously thereto acquired by the complainant with the knowledge and assent of Mr. Edison.

The question in the case is, assuming that the defendant Rahley purchased bona fide in the state of New Jersey from the National Phonograph Company, the licensee in that state of these patents, can he take the patented articles in question into the territory of the Columbia Phonograph Company, and there dispose of them at his will? The National Phonograph Company is named as a defendant, but has not been served. So Rahley remains the sole defendant in the case. The answer to the question depends upon the terms of the contract with the North American Phonograph Company under which the complainant holds its rights, and also upon the further

question whether the National Phonograph Company is the successor of the North American Phonograph Company, or if it is not, in law, the successor of that company, whether nevertheless it is bound by the contract under which the complainant holds. Hearing the case on the motion for the temporary injunction, the court below was of the opinion, prima facie, that the contract, properly construed, sustains the contention of the complainant, and that the National Phonograph Company is bound by it, as the successor of the North American Phonograph Company. So that Rahley, who holds under the National Phonograph Company, having purchased with the knowledge of the contract, is also bound by it. Being of this opinion, the court below granted a temporary injunction, and because of this action this appeal is brought here. The appellant sets out 10 assignments of error. They all go to the merits of the controversy, and could very properly be discussed if the case were here after a full hearing. But the question this court at this stage is called upon to decide is whether the court below, having the discretion to grant or refuse the temporary injunction, has in this instance abused its discretion.

The law is so well stated by the Circuit Court of Appeals, Ninth Circuit, in The Southern Pacific Company v. Earl, 27 C. C. A. 185, 82 Fed. 690, that we adopt it:

"Inasmuch as the granting of an injunction pendente lite is committed to the discretion of the trial judge, it necessarily follows, and so the authorities uniformly hold, that, upon an appeal from such an order, the one question which the appellate court is called upon to determine is whether the court, in making such an order, abused its discretion. If there was before the court evidence having a reasonable tendency to make out a prima facie case for the plaintiff, the order granting the injunction will generally be confirmed, notwithstanding there may have been a material conflict in the evidence submitted to the court at the time of making his order, or, stating the same rule in different words, the decision of the judge who made the order will not be reversed unless it appears after the consideration of all the evidence upon which his action was based that his legal discretion to grant or withhold the order was improvidently exercised."

We can see no abuse of discretion in the action of the court below. Indeed, in view of the fact that, in a case presenting the identical question as this case (Columbia Phonograph Company v. Whetson, 18 App. D. C. 565), the Supreme Court of the District of Columbia had granted an injunction, we are of the opinion that the discretion is well exercised. Counsel for appellant, since this case was submitted, have referred the court to a case (Berliner Gramophone Co. v. Seamen, 49 C. C. A. 99, 110 Fed. 30). This case has no application to this motion.

The decree of the Circuit Court is affirmed, and the case remanded. Affirmed.