### PANOULIAS v. HAWLEY et al.

(Circuit Court, S. D. New York. April 6, 1910.)

PATENTS (§ 297*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

    A judgment at law establishing the validity and infringement of a patent, rendered on a verdict, is nearly, if not quite, as conclusive as an interlocutory decree in equity, and where it is in the same circuit is of great weight in determining the right of the plaintiff to a preliminary injunction in an equity suit against infringement by the same machine.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 481–488; Dec. Dig. § 297.*]

In Equity. Suits by Panayiotis Panoulias against John S. Hawley and Herman W. Hoops, against Adolph Ode and Dennis F. Gerbereux, against Henry Heide, and against Myron A. Smith, respectively. On motions for preliminary injunction. Motions granted.

Ferdinand E. M. Bullowa, for plaintiff.

Hunt, Hill & Betts (Geo. Whitefield Betts, Jr., and Francis H. Kinnicutt, of counsel), for defendants.

HAND, District Judge. In this case I have read through all the affidavits and briefs, a matter of some length, and can see nothing which justifies my declining to follow the judgment in the action at law. After verdict in the same circuit and the denial of a motion for a new trial, a judgment at law is nearly, if not quite, as conclusive as an interlocutory decree. Earl v. So. Pac. Co. (C. C.) 75 Fed. 609; Southern Pac. Co. v. Earl, 82 Fed. 690, 27 C. C. A. 185; Woodard v. Ellword G. & S. Co. (C. C.) 68 Fed. 717. Doubtless the persuasiveness of the judgment is not so great where it is in a separarte circuit; but in this case it is in this circuit, and is therefore of great weight. Amer. Paper P. & B. Co. v. Nat. Folding B. & B. Co., 51 Fed. 229,

2 C. C. A. 165 (C. C. A., Second Circuit). The case cited by the defendants, Sickels v. Youngs, Fed. Cas. No. 12,838 (1855), arose simply on a verdict directed in the suit itself and out of equity. An equity judge has, of course, complete control over such a verdict, for it is merely advisory.

The question is therefore simply whether the new evidence is of so conclusive a character that in the former case it probably would have led to a different result. Have the defendants sustained the burden of showing this? The new evidence suggested in the affidavits is by no means so clear as that. Indeed, I cannot see any application whatever of the Lindeman patent. The frame may raise ridges; but they have no similarity to the thumb nail stroke which the complainant's machine was intended to produce. As to Becht's patent, Smith's subsequent experiments do indicate that Wright's objections were of doubtful validity; but it is quite clear from the charge that the question as left to the jury was of anticipation, and that the practicability of the device was of minor importance.

I must therefore assume that the patent is valid, and the question resolves itself into one of infringement. The ordinary rule excepts from the conclusiveness of a prior adjudication the question of infringement, but the precedents seem to presuppose that the infringing devices shall be new. Here precisely the same machines are before me as were before the jury, and the adjudication is as conclusive that there was some infringement as that the patent is valid. Indeed, as to Heide, it has the force of a formal adjudication.

The defendants insist, however, that it is impossible to say which of the three bars was in fact an infringement, and that therefore I cannot grant an injunction upon either. Russell v. Place, 94 U. S. 606, 24 L. Ed. 214. This would at most only require me to ascertain which of the bars in my own opinion did infringe. However, I must assume that the jury followed the charge in reaching a verdict. So. Pac. Co. v. Earl, 82 Fed. 690, 27 C. C. A. 185. And it seems to me, upon this assumption, necessarily to follow that the verdict presupposed that all the bars were infringements. I think so because the damages were, considering the charge, necessarily based upon the assumption that Heide could not have made his hand-stroke candies without either using the complainant's machine or infringing his patent. The jury found for the profits the complainant lost by the sale of the Smith machines. Now, all of the bars effect an equally good hand stroke when used for that purpose. If any one of the three was not an infringement, Heide could have substituted that one and used it innocently, and there would have been no basis for computing the complainant's damages. In that case he had a free alternative, either the complainant's machine or the innocent Smith stroke bar, and it would have been impossible to give the complainant damages upon the theory that he lost the sale of the machines because Heide infringed his patent. It is only in case Heide could not have made the stroke at all with any of the three bars that the proximate cause of the complainant's damages can be said to be the infringement.

Hence, logically, the jury must have regarded all the bars as infringements, and I must enjoin them all. The writ will not, however,

forbid the sale or use of the machines, or even the sale or use of any of the bars, when the cam is so set as to cause them to leave the flooded cores after they have been pushed off the pin bars. It is only as stroking bars that the prior adjudication can cover them.

The writ will go in all four cases.