NEFF et al. v. COFFIELD MOTOR WASHER CO.

(Circuit Court of Appeals, Fourth Circuit. December 15, 1913.)

No. 1203.

PATENTS (§ 294*)—VALIDITY AND INFRINGEMENT—WATER MOTOR.

A preliminary injunction against infringement of the Coffield reissue patent, No. 12,719 (original No. 806,779), for a water motor, *held* not improvidently granted.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 473; Dec. Dig. § 294.*]

Appeal from the District Court of the United States for the Northern District of West Virginia, at Philippi; Alston G. Dayton, Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Suit in equity by the Coffield Motor Washer Company against Edward W. S. Neff, S. K. Lapp, and R. D. Farmer, trading as the Neff Hardware Company. From an order granting a preliminary injunction, defendants appeal. Affirmed.

H. A. Toulmin, of Dayton, Ohio, for appellants.

R. J. McCarty, of Dayton, Ohio, for appellee.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

ROSE, District Judge. The appellee is the owner of reissued letters patent No. 12,719, dated November 12, 1907. The original patent was numbered 806,779, and was granted December 12, 1905. The validity of the reissue in suit has been upheld by the court below in Peter T. Coffield & Son v. Spears & Riddle (C. C.) 169 Fed. 641, and in Coffield Motor Washer Co. v. A. D. Howe Co. (C. C.) 172 Fed. 668, and by this court in A. D. Howe Machine Co. v. Coffield Motor Washer Co., 197 Fed. 541, 117 C. C. A. 37. In the last-mentioned case the Supreme Court denied a petition for a writ of certiorari. 227 U. S. 677, 33 Sup. Ct. 405, 57 L. Ed. 700.

In the case at bar a preliminary injunction has been issued against the appellants, restraining them pendente lite from making, using, and selling a particular form of water motor alleged to infringe on the patent in suit. From the order granting such injunction this appeal has been taken.

We refrain from any discussion of the various assignments of error, in order that when, if ever, this cause shall again come before us on appeal from a final decree, neither this court nor the parties may be embarrassed by anything which may be now said. The sole question upon which we are now called upon to pass is whether the learned judge below, in granting this preliminary injunction, improvidently exercised the discretion committed to him by law. Rahley v. Columbia Phonograph Company, 122 Fed. 623, 58 C. C. A. 639. We do not think that he did.

Affirmed.