NATIONAL METAL MOLDING CO. v. TUBULAR WOVEN FABRIC CO.

(Circuit Court of Appeals, First Circuit. December 21, 1916.)

No. 1240.

PATENTS ⬦⟶326(4)—SUIT FOR INFRINGEMENT—VIOLATION OF INJUNCTION.

Whether a new structure, made by a defendant after being enjoined by a final decree from infringing a patent, also infringes, is a question with which a District Court may deal according to various methods, and it may in its discretion require the filing by complainant of a supplemental bill, to be answered and heard on formal proofs.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 615–619.]

Appeal from the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

Suit in equity by the National Metal Molding Company against the Tubular Woven Fabric Company. From an order, complainant appeals. Affirmed.

See, also, 227 Fed. 884, 142 C. C. A. 408; 236 Fed. 745, —— C. C. A. ——.

Charles F. Perkins and Carroll L. Perkins, both of Boston, Mass., for appellant.

William Quinby, of Boston, Mass., for appellee.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

PER CURIAM. According to the final decree, the particular structure which had been before the court infringed the plaintiff's patent. Whether or not the different structure made by the defendant after being enjoined according to said final decree also infringed said patent was a question with which the District Court might deal according to various methods, either of which it was at liberty to select in its discretion. If the subsequently made structure had seemed to it to differ only colorably from that upon which the court had passed, it might have issued a supplementary injunction, or have proceeded under a petition in contempt; and these were the methods the plaintiff urged it to adopt. But the plaintiff could not require the adoption of either method as a matter of right; and if the court, in its discretion, regarded a supplemental bill or petition, to be answered by the defendant and heard on formal proofs, as the method best adapted to do justice under the circumstances of the case, it did nothing of which the plaintiff has a right to complain as error. No abuse of discretion is asserted, nor do we find any indication thereof in the record.

The motion for a supplementary injunction was not finally denied, nor was the petition in contempt finally dismissed. The District Court held both in abeyance to await the proceedings under a supplemental bill, if the plaintiff filed one; ordering their denial or dismissal only in case no supplemental bill should be filed. The plaintiff had filed such a bill before it took this appeal, and is thus still less in a position entitling it to say that reversible error appears from the record.

The order of the District Court is affirmed, without prejudice, and the appellee is entitled to its costs of appeal.