M. WERK CO. v. GROSBERG et al.

(Circuit Court of Appeals, Sixth Circuit. March 15, 1918.)

No. 3045.

1. TRADE-MARKS AND TRADE-NAMES ⏐58—INFRINGEMENT—WORDS SUBJECT TO APPROPRIATION.
    The registration of a trade-mark for unwrapped bars of soap, in which the word "Tag" is the principal feature "to be displayed by stamping it into or on the goods or by otherwise affixing directly to the goods," does not carry with it the exclusive right to impress a metal tag of any description into a bar of soap; the use of the word "Tag" in connection with a physical tag, which has been long in use, being descriptive and not subject to exclusive appropriation as a trade-mark.

2. TRADE-MARKS AND TRADE-NAMES ⏐70(2)—UNFAIR COMPETITION.
    The impressing of an oblong rectangular metal tag into the face of a bar of soap near the top center *held* not unfair competition with another maker who had previously stamped a small circular tag in the lower right-hand corner of its bars; the lettering on both tags and bars being entirely different and distinctive, and there being no competent evidence that confusion had in fact arisen.

3. TRADE-MARKS AND TRADE-NAMES ⏐89—UNFAIR COMPETITION.
    Where a manufacturer has done its legal duty in distinguishing its product from that of a competitor, neither it nor its distributees are responsible for the fact that tricky retailers, not in privity with them, have substituted one product for the other.

Appeal from the District Court of the United States for the Southern Division of the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Suit in equity by the M. Werk Company against Charles Grosberg and John A. Reuter, doing business as Grosberg & Reuter. From an order denying a preliminary injunction, complainant appeals. Affirmed.

Hosea & Knight, of Cincinnati, Ohio, for appellant.
Wilkinson, Routier & Hinkley, of Detroit, Mich., for appellees.

Before KNAPPEN and DENISON, Circuit Judges, and KILLITS, District Judge.

KILLITS, District Judge. The only question to be determined here is whether, on the facts about to be discussed, the court below improperly exercised the discretion vested in it to withhold a temporary injunction. Unless an abuse of discretion is found, the appeal herein should be dismissed. Louisville & N. R. Co. v. Western Union Telegraph Co., 207 Fed. 1, 4, 124 C. C. A. 573, and cases cited.

[1] The appellant, whom we will hereafter designate as complainant, for a number of years has manufactured laundry soap, one brand

of which it prepared for sale unwrapped. Its factory is located in Cincinnati, in which place for many years the Globe Soap Company has manufactured soap of similar character. The testimony shows that for six years at least prior to the beginning of this action the Globe Soap Company manufactured and put on sale unwrapped its product under all the circumstances which in this action the complainant claims to establish infringement and unfair competition. The action, however, was brought by complainant in the District Court for the Eastern District of Michigan against the firm of Grosberg & Reuter, which, the testimony shows, is a distributee merely in Detroit for the Globe Soap Company. Complainant registered trade-marks Nos. 65,321 and 70,-549, bearing dates September 17, 1907, and September 15, 1908, respectively. The first registration was for the words "Werk Tag Soap, Cincinnati," and the word "Werk" with a rough drawing of a box labeled "soap" within a small circle in the lower right corner. The words "Werk Tag Soap" were so arranged upon the flat surface of a cake of brown laundry soap that the word "Tag" should be in magnified lettering. The certificate provides that the trade-mark is to be displayed by stamping it into or on the goods or by otherwise affixing directly to the goods. The second and later certificate claims protection for the use of the word "Tag," very prominently displayed. Each certificate emphasizes the word "Tag" as the peculiar trade-name adopted.

In practice, the complainant has shown the arrangement of the lettering as set out in its first certificate, except that the matter within the circle, instead of being impressed into the soap itself, is stamped on a small disk less than the size of a silver quarter, which disk is embedded in the lower right-hand corner of the cake of soap. The article complained of and manufactured by the Globe Soap Company also is soap in cakes similar in size and color to those of complainant's manufacture on which are inscribed the words "Premium German Soap, The Globe Soap Company, Cincinnati, Ohio"; the words "Premium German" being arranged obliquely in the general form of a letter V, and in the center of the upper side of the cake between the arms of this oblique lettering is embedded a rectangular metal tag about an inch long and rather more than a quarter of an inch wide, bearing in raised letters the word "Globe." It is the use of this tag on the soap manufactured by the Globe Company upon which are predicated the claims of infringement of the trade-marks and of trade-name and of unfair competition. Upon evidence the motion for temporary injunction was denied, and from this action of the court below comes this appeal.

In our judgment, the complainant is not justified in its claim that, because it has seen fit to indicate part of its registered trade-mark by the use of a metal tag embedded into the soap rather than by impressing that portion of the registered lettering in the soap itself, it has acquired an exclusive right to the use of every kind or shape of a metal tag upon its product.

The complainant's theory is that it has obtained the exclusive right to sell soap bearing a metal tag because it has the exclusive right to the

trade-name "Tag Soap," and that the use of the tag causes the soap to be so distinguished by intending purchasers. But the salient feature, that which prominently distinguished the trade-marks as registered, is the word "Tag" itself which is employed in large display upon the soap, and not the fact that a diminutive piece of metal is imbedded in the product.

It may be, although not necessary for decision here, that plaintiff has acquired a valid trade-mark by the adoption and registration of the word "Tag" to identify its product. Used merely for the purpose of identification, that word may be subject to registration; but, if so, it is only because it is used arbitrarily or fancifully. Plaintiff's claim just alluded to, however, involves the use of the word descriptively, i. e., to describe the manner in which the soap is prepared for marketing, as the soap sold with a tag on it. It is too well settled for citation that a descriptive word may not become the subject of an exclusive trade-mark. Tagging articles of commerce capable of bearing such trade devices has become a very common practice, so common as to be now a method of description of a manner of commercial exploitation. It is our opinion that a soap manufacturer cannot acquire a monopoly of such a common method of marking his product for sale. Notes 55 and 56, pages 711–713, 38 Cyc., sum up the numerous decisions distinguishing the words adjudicated as descriptive, and hence not subject to appropriation, and nondescriptive. We think the use of the word "Tag" in connection with the physical tag should be in the first category, and that the use of the Globe Company's tag, as shown, infringes no trade-mark right of plaintiff. The identifying word "Tag" nowhere is used on the Globe soap.

A similar question was raised and decided in Ohio in a case in which complainant was plaintiff. M. Werk Co. v. Ryan Soap Co., 14 Ohio Cir. Ct. R. (N. S.) 122, 33 Ohio Cir. Ct. R. 629, affirmed, no report, 88 Ohio St. 539, 106 N. E. 1070. In that case plaintiff, upon the same trade rights urged here, complained of the defendant because it put forth a soap bearing a diamond shaped paper or cardboard tag. It was claimed there, as in the instant case, among other things, that the use of the tag tended to the confusion of purchasers who had learned to identify plaintiff's product as soap bearing a tag. The conclusion of the state appellate court is the same to which we arrive on the facts here.

It is certain that complainant has no right to recovery on the theory advanced that its trade-name is interfered with, for the Globe soap is nowhere shown to have been put forth by defendant or the manufacturer under the name of "Tag Soap."

[2] We are referred to the third ground of complaint, namely, that of unfair competition, and the inquiry quickly arises whether this case is comparable to the case decided by this court in 206 Fed. 420, 124 C. C. A. 302, De Voe Snuff Co. v. Wolff. It must be observed that in this class of cases application of very general principles, only, is possible, each case to be determined with special reference to the circumstances peculiar to it. Relief was given in the case just cited because it was thought by this court that the word "Eagle" employed,

together with a representation of an eagle, on the packages of snuff manufactured and sold by the complainant and its predecessors in business for more than 70 years, had become so distinctively the mark of complainant's brand of snuff that the use of the designation "White Eagle" applied to snuff, also with a figure of an eagle, although not in the same attitude and position as employed by the complainant, was sufficient to mislead ordinary purchasers and to cause a confusion of goods. As in all cases of this class, that is the real test here, for the duty is clearly upon the Globe Company to distinguish its product from that of the complainant so that the ordinary purchaser is not likely to be deceived by its appearance into the thought that he is buying the product of complainant. Considering the appearance of the rival soaps as prepared for the market and bearing in mind that nothing is claimed for the similarity in size or color or texture, it seems to us somewhat unlikely that an ordinary purchaser intending to buy Werk's "Tag" soap and having any familiarity with its appearance would be deceived by observation alone into buying Globe soap for what was actually desired. The lettering is as different in disposition upon the cake as it is in wording, while the tag, in shape or inscription or position upon the cake bears no resemblance to the tag on complainant's article. The impression we have of distinctive dissimilarity gained by an inspection of the articles themselves as being sufficient to avoid the charge of unfair simulation is not removed by consideration of the testimony offered. There is no competent testimony that any attempt was made by the defendants to substitute the Globe soap for complainant's product nor that any person was deceived by the appearance of the Globe soap, except that one woman testifies that, at the grocery where she customarily traded, she noticed an open box of soap with tags on it differing from the "Werk" tags, and for sale at a price less than she had been accustomed to pay for the Werk soap, and that she bought some, lightly assuming that the tag had been changed and the price reduced. As this woman confesses that she noticed the difference in appearance, we do not regard her testimony, solitary as it is upon this point, as sufficient to indicate clearly, against the impression derived from a comparison of appearances of the several soaps, that a confusion between the products is probable among ordinary purchasers. There is testimony secondary in character, and hence of doubtful competency, that a child, sent to purchase complainant's soap by the name of "Tag Soap," came back with the Globe German soap; but there is no testimony as to what soap the child asked for.

There have been exhibited the boxes in which the rival products are shipped and in which the soap, unwrapped, is displayed for sale. They are respectively so variously marked as to make confusion reasonably impossible.

[3] Previous to the commencement of this action, complainant had prosecuted to a consent decree an action against a retail dealer in which testimony had been received tending to show unfair substitution, and the record in this last case is offered against the defendant partnership, although no privity between it and the defendant in the former case is shown. It is our judgment that this record should not

disturb our conclusion that no abuse of discretion is shown in the withholding of an order of temporary injunction, for, finding that the maker of the Globe soap "has done its legal duty in distinguishing its own product from that of complainant," its distributees are not responsible for the fact that tricky retailers, not in privity with them, substitute its manufacture for that of complainant. Rathbone, Sard & Co. v. Champion Steel Range Co., 189 Fed. 26, 33, 110 C. C. A. 596, 37 L. R. A. (N. S.) 258.

It results that the ground upon which a charge of unfair competition is based is identically that which is offered to support the claim of infringement of trade-mark, and that this alleged cause of action should also be denied for reasons already given.

We find that the District Court exercised its discretion respecting the motion for a temporary injunction precisely as the evidence and law indicated, and that therefore the decree below should be and is affirmed, with costs.