## MINERALS SEPARATION, Limited, et al. v. MIAMI COPPER CO.

(Circuit Court of Appeals, Third Circuit. December 9, 1920.)

No. 2605.

1. Patents ⬗326(4)—Refusal to adjudge guilty of contempt is not appealable.

An order refusing to adjudge defendant guilty of contempt for violating an injunction in an infringement suit is not appealable.

2. Patents ⬗326(2)—Finding against contempt for alleged violation of infringement injunction held not abuse of discretion.

Where the trial judge found that the modifications or changes made by the defendant in its processes since the injunction to restrain infringement of patent were not plainly mere colorable equivalents of the infringing process, it was not an abuse of discretion for him to refuse to adjudge the defendant guilty of contempt.

3. Patents ⬗324(2)—Denial of leave to file supplemental bill not appealable.

An order denying leave to file a supplemental bill after decree on the merits restraining infringement, which bill prayed relief against new processes charged to infringe, is not appealable.

4. Patents ⬗310(10)—Supplemental injunction not issued against postinfringing processes.

The practice of issuing a supplementary injunction on supplementary bill to restrain modified processes after the original process was found to infringe is not recognized; the proper procedure being to seek relief by attachment for contempt, by proceedings on accounting, or by original bill for new injunction.

5. Patents ⬗324(5)—Denial of supplemental injunction reviewable only for abuse of discretion.

Denial by the District Court of the supplementary injunction against modified practices which it was charged still infringed the patented processes, if made in the exercise of the court's discretion, because the modified processes did not infringe, is reviewable on appeal, under Court of Appeals Act, § 7 (Comp. St. § 1121), only for abuse of discretion.

6. Patents ⬗317—Discretion is abused by denial of supplementary injunction only if facts or law are misconceived.

The District Judge abuses his discretion, by denying a supplementary injunction against continued infringement by modified processes, only where his conception of the facts, or the law of the case, was wholly wrong.

7. Patents ⬗317—Modified processes, after infringement, held not plain infringement.

Modified processes of ore reduction, adopted after final decree restraining processes as an infringement on a patent, *held* not so clear an in-

---

⬗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

fringement of the patented process as to warrant the extraordinary
remedy of supplementary injunctive relief.

Appeal from the District Court of the United States for the District of Delaware; Hugh M. Morris, Judge.

Suit by the Minerals Separation, Limited, and another against the Miami Copper Company. From orders of the District Court, denying injunctive relief against modified operations charged to be infringements of the patents in the suit (268 Fed. 862), plaintiffs appeal. Affirmed.

Joseph C. Fraley, of Philadelphia, Pa., Lindley M. Garrison, Wm. Houston Kenyon, and Henry D. Williams, all of New York City, and Thomas F. Bayard, of Wilmington, Del., for appellants.

John F. Neary, of Wilmington, Del., and Maxwell Barus and Charles Neave, both of New York City, for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. This is an appeal from two orders of the District Court which, (in the language of the appellants) "taken together," deny injunctive relief against modifications of operations by the appellee charged to be infringements of the patents in suit.

In order to find just what is before us on this appeal it becomes necessary first to determine whether the orders are appealable, and if so, to what extent.

On May 24, 1917; this court found that the three patents in suit were valid and were infringed by the three processes proved. 244 Fed. 752, 157 C. C. A. 200. After the mandate had gone down, an interlocutory decree was entered by the District Court, an injunction was issued, and an accounting begun. During the accounting—now in its third year—it was disclosed from time to time that the defendant had used since the injunction, and still is using, variations of a process of air-froth flotation, or rather, variations of apparatus by which it practiced such process, which the appellants claim were and are the equivalents of the processes or apparatus of processes found to constitute infringements. For relief against the subsequently developed processes (as we shall call them for convenience) the appellants (plaintiffs below) made many moves in the District Court. The ones pertinent to this appeal are the following:

On May 4, 1920, the plaintiffs filed a petition in the District Court and obtained an order to show cause why the defendant should not be adjudged guilty of contempt, or, in the alternative, why a further injunction should not issue restraining the defendant from practicing eleven processes, enumerated and described in the petition, which it had practiced since the filing of the decree. On July 23, 1920, the District Court dismissed the petition and vacated the order to show cause. Failing to stay the defendant in its alleged newly infringing practices by either remedy sought by their petition, the plaintiffs, on July 26, 1920, moved for leave to file a supplemental bill charging infringement by the same eleven processes mentioned in its dismissed petition and praying for injunctive relief both temporary and final.

By its order of August 11, 1920, the District Court, on an opinion previously filed, denied this motion also. Whereupon the plaintiffs below brought this appeal, assigning as error, generally and specifically, the court's order of July 23 whereby it refused supplementary injunctive relief under the plaintiffs' petition and also held that none of the defendant's modifications of procedure were of the character required to sustain a judgment for contempt. The only assignment of error we find bearing on the court's order of August 11 denying leave to file a supplemental bill is joined with an assignment charging error to the court in its refusal to grant injunctive relief prayed for by the petition, and is in the following form:

"The District Court erred * * * 19. In refusing injunctive relief in this suit against all or any of said modifications of procedure on the part of the defendant, by virtue of the aforesaid order entered July 23, 1920, as interpreted and supplemented by the opinion of the Court filed July 29, 1920, *and the order of the Court entered August 11, 1920."*

[1, 2] On a record thus framed the plaintiffs brought and argued this appeal. The two orders, separately or "taken together," concern three acts of the District Court. The first was its dismissal of the contempt proceeding. Although error is specifically charged against the court for refusing to adjudge the defendant guilty of contempt, it was, of course, not seriously urged at the argument. Concededly such an order is not appealable. But to quiet this one of several phases of this intense controversy—without admitting for a moment that an appeal will lie from an order entered by a trial court in the exercise of its discretion in proceedings in contempt for the violation of an injunction against infringement—we find that, on this aspect of the petition, the learned trial judge did exercise a discretion, and, as he held "that the facts set up by the petition are not of the character required to sustain a judgment of contempt,"—meaning, evidently, that the modifications or changes made by the defendant since the injunction were not plainly mere colorable equivalents of the procedures found to infringe, —he did not abuse his discretion. He arrived at the same conclusion at which we should have arrived if we had been in his place.

[3] So also from the court's order denying leave to file a supplemental bill after decree on the merits praying relief against new practices charged to infringe we find no right of appeal. But in order again to quiet the controversy—without recognizing a procedure whereby the injunctive relief which the law affords a patentee is sought after decree by supplemental bill rather than by original bill—and with the purpose of making this decision as broad as the appellants have endeavored to make the appeal, we have examined the manner in which the trial judge exercised his discretion on this motion—the utmost that could be brought here for review were the matter appealable—and have found that the record discloses no evidence of abuse by the trial judge of his discretion in denying leave to file such a bill.

The only remaining matter before us on this appeal, therefore, is the error charged to the court for refusing injunctive relief as prayed by the petition against processes modified and practiced since the injunction was issued. Admittedly an injunction was refused (section

7, Court of Appeals Act [Comp. St. § 1121]), and in that sense the order is appealable. But this branch of the petition, stated in a few words, was made upon a right claimed by the plaintiffs to an expansion of the injunction and to relief against any and every newly employed process (to be immediately determined as it arises) which is charged to infringe the patent and which may violate the injunction, and was based on a procedure followed by the United States Circuit Court of Appeals for the Second Circuit. Crown Cork & Seal Co. v. Am. Cork Co., 211 Fed. 653; Green Co. v. Adams Co., 247 Fed. 486, 159 C. C. A. 539; Westinghouse v. Christensen (C. C.) 126 Fed. 764, 765. The learned trial judge in disposing of this branch of the petition, said:

"Nor do I find that the practice of enlarging an injunction or granting a supplementary injunction has been adopted in this circuit."

He then continued:

"But, be that as it may, in view of the nature of the new processes used by the defendant as charged by the petition, the questions raised thereby, and the decision of the Circuit Court of Appeals in this case, 244 Fed. 752, I am of opinion that the plaintiff must obtain the relief to which it is entitled, if any, touching the new processes, either through the proceedings now being had before the master and the decree to be entered thereon, or by a new bill, and not otherwise. Which of these procedures is the proper one under all the circumstances, or whether both must be resorted to, one as to some of the processes and the other as to the remaining processes, need not now be determined."

[4] From this language the appellants maintain that the trial judge did not pass on the question of relief against processes practiced by the defendant since the injunction and therefore exercised no discretion in denying a supplementary injunction necessary to protect the appellants against such infringements; but, regarding the procedure by supplementary injunction as one not recognized in this circuit, he disposed of the case summarily. What the trial judge did is clear. What moved him to do what he did is open to two constructions. If he denied supplementary injunctive relief against post-infringing practices because he found no such procedure in this circuit, we think he was right. There is no such procedure here; and, not being disposed presently to establish one, the remedies against infringements after decree are those which now prevail, namely, damages and profits on accounting, attachment for contempt, and original bill. In the last the patentee's right to injunctive relief is fully preserved to him.

[5] If the trial judge was moved to his decree denying plaintiff supplementary injunctive relief, not for want of a valid procedure, but in the exercise of his discretion, the plaintiffs' sole remaining complaint must be that in so doing he abused his discretion. Taking this construction of his action, it appears to us that the trial judge did exercise a discretion. Admittedly, he read and considered the affidavits appended to the petition, applicable alike to the support of both motions, one for attachment for contempt and the other for supplementary injunction, and on the showing of these affidavits he refused to adjudge the defendant guilty of contempt and did not find a case made for supplementary injunction, even though that practice prevail or should be

brought into existence in this circuit. This is plainly so, for in referring to his inability to find that the practice of enlarging an injunction or granting a supplementary injunction had been adopted in this circuit, he continued: "But, be that as it may" (by which we understand he meant—that without regard to whether the practice does or does not prevail in this circuit), he found "in view of the nature of the new processes used by the defendant as charged by the petition, the questions raised thereby, and the decision of the Circuit Court of Appeals in this case," that the plaintiffs must obtain the relief to which they are entitled through the proceedings before the master or by a new bill.

[6] Having studied and comprehended the affidavits in disposing of the prayer for attachment for contempt, as he had to do, the trial judge had fully in his mind all matters which the petition afforded in support of the prayer for a supplementary injunction. On this showing (including affidavits of three witnesses who had testified before the master, embracing the substance of their testimony, and an affidavit of one witness, yet to be called, embracing matters about which he proposes to testify), the trial judge evidently did exercise a discretion, resulting in the denial of the petition for supplementary injunction. But whether he did or not, and without regard to whether he was required so to do in the absence of appropriate procedure, we shall, in an endeavor to quiet another aspect of this controversy, assume that he did exercise a discretion required of him, and shall review his conduct with reference to the one matter over which this Court would in such case have authority, namely, to determine whether he abused his discretion in denying the relief of an expanded injunction. To this end we have read and carefully studied the entire record in the endeavor to ascertain whether the trial judge rendered his judgment upon a wholly wrong comprehension of the facts or the law of the case, and, whether, accordingly, he abused his discretion in this respect,—the only respect in which an appellate court will disturb such an order of a trial court denying injunction. M. Werk Co. v. Grosberg, 250 Fed. 968, 163 C. C. A. 218; Louisville & Nashville R. Co. v. Western Union Tel. Co., 207 Fed. 1, 124 C. C. A. 573 (C. C. A. 6th); Crescent Specialty Co. v. N. F. Co., 219 Fed. 131, 135 C. C. A. 28 (C. C. A. 6th); Welsbach Co. v. Cosmopolitan Incandescent Co., 104 Fed. 83, 85, 43 C. C. A. 418 (C. C. A. 7th); Duplex Co. v. Campbell, 69 Fed. 252, 16 C. C. A. 220 (C. C. A. 6th); Rahley v. Columbia Phonograph Co., 122 Fed. 623, 625, 58 C. C. A. 639 (C. C. A. 4th).

Did the trial judge improvidently exercise his discretion, or did he exercise it upon a wholly erroneous conception of the facts or the law? The law of the case is that announced by this court in its decree. 244 Fed. 752, 157 C. C. A. 200. The facts, applicable to that law, consist of those recited in the affidavits and only those there properly pleaded.

[7] We shall not restate the law of the case but shall address ourselves solely to the new facts. These embody at least eleven new procedures or modifications of procedures charged to be infringements because equivalents of the infringements found by this court in its decree. The processes decreed to be infringements were made up of

several steps in which it was found, speaking most generally, that infringements were completed before the pulp had reached the Callow cells. In none of the eleven modified processes, again speaking generally, is there a centrifugal pump, or a "break in the circuit," or a Pachuca tank, means, or steps held potential in the infringements found. In the later modified procedures Callow cells are employed, exclusive of and inclusive with other means, in some instances with no prior agitation, in other instances with prior agitation without aeration, in still other instances with prior agitation and aeration, indicating agitation in degrees varying as greatly as the adjectives used in describing it; but whether in any of them there is agitation of the kind, in the degree, and for the duration contemplated by the patent is not so clear and unclouded as to make the newly alleged infringing procedures free from doubt and to warrant the extraordinary remedy of supplementary injunctive relief. Brush Electric Co. v. Electric Storage Battery Co. (C. C.) 64 Fed. 775, 776. Unless such clearly appears we cannot say that the trial judge misconceived the facts, and, unless he misconceived the facts, we cannot hold that he abused his discretion. National Metal Molding Co. v. Tubular Woven Wire Co., 239 Fed. 907, 908, 153 C. C. A. 35.

Stress has been laid on a reference made by the learned trial judge to embarrassment because of his lack of familiarity with the facts of the case due to his coming into the case after it had gone to an accounting. To allay any unrest that might arise from this situation and to avoid the appearance of affirming the court's decree upon the negative quality of a finding that we discern no error in its order, we go farther and say, that, having made the law of the case we are presumed to know what it is, and that, applying the law to the facts, which on the defendant's motion to dismiss are regarded most favorable to the plaintiffs, we would have made the same disposition of the case had we been sitting in the District Court when the application for a supplementary injunction was made.

We are of opinion therefore that the order or orders of the District Court should be affirmed and that the case be proceeded with expeditiously and in a manner consistent with the law.