**LEDERER, Collector of Internal Revenue, v. REAL ESTATE TITLE INS.
& TRUST CO. OF PHILADELPHIA.**

(Circuit. Court of Appeals, Third Circuit.  June 16, 1921.)

No. 2648.

1. **Appeal and error** ⟐1097 (1)—**Questions once decided become law of case.**
    Matters once considered and decided by an appellate court constitute
    the law of the case and on review of a second judgment the only ques-
    tion to be considered is whether the previous opinion and mandate were
    followed.

2. **Appeal and error** ⟐232 (2)—**Ruling admitting evidence reviewable only
    on ground of objection stated.**
    Objection to the admission of evidence must be specific, and in a pro-
    ceeding in error the party objecting is confined to the ground of objec-
    tion stated at the trial.

In Error to the District Court of the United States for the Eastern
District of Pennsylvania; J. Whitaker Thompson, Judge.

Action by the Real Estate Title Insurance & Trust Company of
Philadelphia against Ephraim Lederer, Collector of Internal Revenue.
Judgment for plaintiff, and defendant brings error. Affirmed.

See, also (C. C. A.) 263 Fed. 667.

Gordon Auchincloss, of New York City, for plaintiff in error.

Maurice Bower Saul, of Philadelphia, Pa., for defendant in error.

Before WOOLLEY and DAVIS, Circuit Judges, and MORRIS,
District Judge.

MORRIS, District Judge.  This is the same case that was before
us at the October term, 1919.  Real Estate Title Insurance & Trust
Co. v. Lederer, 263 Fed. 667.  Judgment against the Trust Company,
the plaintiff below, following a compulsory nonsuit, was then revers-
ed.  A new trial has been had resulting in a verdict and judgment in
favor of the Trust Company.  The defendant, Lederer, is plaintiff in
this writ.

[1] The questions decided upon the first writ of error are no long-
er open, for it is well settled that matters once considered and decided
by an appellate court constitute the law of the case and will not be
re-examined upon a subsequent writ of error.  Consequently we have
now to consider only whether the present judgment was had in due
pursuance of the previous opinion and mandate of this court.  United
States v. Camou, 184 U. S. 572, 22 Sup. Ct. 515, 46 L. Ed. 694; Su-
pervisors v. Kennicott, 94 U. S. 498, 24 L. Ed. 260; Roberts v. Coop-
er, 20 How. 467, 481, 15 L. Ed. 969.  Minerals Separation v. Miami
Copper Co. (C. C. A.) 269 Fed. 265, 269.  The evidence produced at the
second trial was substantially the same as that offered at the first.  An
examination of the record discloses that the trial judge carefully fol-
lowed the course pointed out in our former opinion, both in his rulings
during the trial and in the charge to the jury.  Numerous errors in
the court's charge and in the admission of evidence are alleged, but,

⟐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

save one, the assignments supported by proper exceptions merely present anew matters heretofore decided by us.

[2] The assignment presenting the question not heretofore examined is based upon the admission, over the objection of the defendant, of the testimony given at the first trial by a witness absent from the second by reason of paralysis. The evidence so received was objected to at the trial upon the sole ground "that there is better evidence available." That objection is not here pressed, but, in its stead, the defendant now urges that the testimony was incompetent by reason of section 861 of the Revised Statutes of the United States (Comp. St. § 1468). This objection comes too late here, and will not be considered, for it is an established rule of law that when a party objects to the admission of testimony the objection must be specific, and not general, and in a proceeding in error the party objecting is confined to the objection stated at the trial. The rule that the objection must be specific and not general obtains, in order that the attention of the trial judge may be directed to the precise point of law intended to be raised by the objection, for it cannot be expected that a particular objection in the mind of counsel, thoroughly conversant with the case through previous study, will occur to the judge in the intricacy of the trial, although, if stated, he would readily perceive its force. The party objecting is, upon proceedings in error, confined to the objection stated at the trial, for the reason that the question of law raised by the specific objection made is the only one ruled upon by the trial court, and it cannot be said that the court erred in respect to a matter not brought to its attention, and upon which it neither ruled nor was asked to rule. It is not within the province of this court to retry common-law cases de novo. Burton v. Driggs, 20 Wall. 125, 22 L. Ed. 299; Stebbins v. Duncan, 108 U. S. 32, 2 Sup. Ct. 313, 27 L. Ed. 641; Wood v. Weimar, 104 U. S. 786, 795, 26 L. Ed. 779; Noonan v. Caledonia Mining Co., 121 U. S. 393, 400, 7 Sup. Ct. 911, 30 L. Ed. 1061; Robinson & Co. v. Belt, 187 U. S. 41, 50, 23 Sup. Ct. 16, 47 L. Ed. 65; Rem. Mach. Co. v. Wil. Candy Co., 6 Pennewill (Del.) 288, 306, 66 Atl. 465.

The judgment below must be affirmed.