**LEDERER, Collector of Internal Revenue, v. REAL ESTATE TITLE INS. & TRUST CO. OF PHILADELPHIA.**

(Circuit Court of Appeal, Third Circuit.    February 8, 1924.)

No. 3071.

1. **Internal revenue ⚖9—Only that part of capital used in banking subject to excise tax.**

Under Act Oct. 22, 1914, § 3, imposing a tax on capital used or employed in banking, a trust company having different departments was not taxable on its entire capital, surplus, and undivided profits, but only on such portion thereof as was used or employed by it in banking.

2. **Statutes ⚖217—History inadmissible to change plain meaning.**

In the construction of a revenue act the meaning of which is plain an unambiguous, the court properly excluded as irrelevant and incompetent evidence as to action of Senate in requesting Secretary of the Treasury to furnish an estimate of the amount of revenue the proposed law would raise and the action of the Secretary in reply, supplemented by affidavits of a department official as to basis of estimate.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Action by the Real Estate Title Insurance & Trust Company of Philadelphia against Ephraim Lederer, Collector of Internal Revenue. Judgment for plaintiff (291 Fed. 265), and defendant brings error. Affirmed.

S. Duffield Mitchell, Asst. Sol. of Internal Revenue, of Washington, D. C. (George W. Coles, U. S. Atty., of Philadelphia, Pa., and Nelson T. Hartson, Sol. of Internal Revenue, of Washington, D. C., on the brief), for plaintiff in error.

Maurice Bower Saul, of Philadelphia, Pa. (Allen S. Olmsted, 2d, and Saul, Ewing, Remick & Saul, all of Philadelphia, Pa., on the brief), for defendant in error.

Before WOOLLEY and DAVIS, Circuit Judges, and LYNCH, District Judge.

WOOLLEY, Circuit Judge.    The Act of Congress of October 22, 1914 (38 Stat. 750), then known as "The War Revenue Law," provided among other things that:

"Bankers shall pay (a special tax of) $1.00 for each $1,000 of capital used or employed, and in estimating capital, surplus and undivided profits shall be included."    Section 3.

The act was in effect from November 1, 1914, to December 31, 1916, and for taxation purposes its operation was divided into four periods. For all these periods the Real Estate Title Insurance & Trust Company (plaintiff below, defendant in error) was required to pay a tax on the full amount of its capital, surplus and undivided profits as though all were employed in banking and without regard to their use in its five entirely separate departments of title insurance, trusts, safe deposit, real estate and banking.    Feeling aggrieved, it brought several suits to re-

⚖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cover the several amounts it had at different times paid as taxes assessed on the parts of its capital which had not been used in banking.

The suit for the first period was selected as a test. At the trial the plaintiff offered evidence to show what part of its capital had not been used in banking. On the theory that the whole of its capital stood behind the credit of and therefore was used in its banking business, the trial court excluded the evidence and entered judgment of nonsuit. Real Estate Title Insurance & Trust Company v. Lederer, 229 Fed. 799. On appeal, this court, reversing the judgment, ruled that capital in certain cases was apportionable and that, accordingly, the plaintiff was taxable only on that part of its capital which it had used in banking. Real Estate Title Insurance & Trust Company v. Lederer, 263 Fed. 667. At the second trial the evidence excluded from the first was admitted and the plaintiff had a verdict. On appeal this court affirmed the judgment. 273 Fed. 933.

The Bureau of Internal Revenue, however, did not regard this decision as dispositive of the court's interpretation of the act or of the Government's right to assess a bankers' tax against all capital howsoever used. It therefore resisted the instant suit brought by the Trust Company to recover the amount it had paid as tax on capital not used in banking in another period of the act.

[1] The case was heard before Judge Thompson sitting in the District Court for the Eastern District of Pennsylvania as a judge without a jury on an agreed state of facts. On a finding of all facts agreed upon, except four excluded because irrelevant and incompetent, the judge entered judgment for the Trust Company. Whereupon the Collector sued out this writ of error. He now asks this court to review and reverse its decision in the previous case of Real Estate Title Insurance & Trust Company v. Lederer, 263 Fed. 667. We shall merely say that we have not been persuaded to recede from the position we took in that case (and in the companion case of Germantown Trust Company v. Lederer, 263 Fed. 672), later sustained in principle by the Supreme Court in Fidelity & Deposit Company v. United States, 259 U. S. 296, 302, 42 Sup. Ct. 511, 66 L. Ed. 948.

[2] The only matter which distinguished the trial of this case from the trial of the previous case between the same parties is that in the instant case the Collector offered in evidence, as facts agreed upon in the statement, the action of the Senate when the War Revenue Bill was before it requesting the Secretary of the Treasury to furnish an estimate of the amount of revenue the proposed law would raise and the action of the Secretary of the Treasury in reply, supplemented by an affidavit of an official of the Treasury Department that the figures contained in the Secretary's response were predicated upon a tax on the whole capital, surplus and undivided profits of bankers. The learned trial judge ruled out this testimony as irrelevant and incompetent. In thus refusing to give to the history of the litigation a probative force that would change the plain meaning of the words which Congress employed in framing the act, error is charged to the judge. For the reasons given in his opinion, reported at 291 Fed. 265, we think he committed no error and that, accordingly, the judgment below must be affirmed.